[No. A061300. First Dist., Div. Five. Nov. 5, 1993.]

CREATIVE PLASTERING, INC., Plaintiff and Appellant, v.
HEDLEY BUILDERS, INC., Defendant and Respondent.

## Counsel

Bishop, Barry, Howe, Haney & Ryder, William C. Last, Jr., and Stephen A. Schram for Plaintiff and Appellant.

Thelen, Marrin, Johnson & Bridges, Karen M. Andrews, Steven A. Ellenberg and Laurie L. Wilson for Defendant and Respondent.

## OPINION

**PETERSON, P. J.**—In this case, we will hold a court lacks the authority to rule that an arbitrator, who is given the right to decide all matters in question arising out of or relating to a contract dispute, exceeds his powers in ruling which arbitrating party prevailed for purposes of awarding attorney fees the contract allows.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In July 1990, appellant Creative Plastering, Inc. (CPI) entered into a subcontract with respondent Hedley Builders, Inc. (Hedley) whereby CPI agreed to perform lath and plaster work at a shopping center. During the course of construction, a dispute between CPI and Hedley arose, so the parties submitted the dispute to arbitration pursuant to a clause in the subcontract.[1]

The principal issue at the arbitration was the amount owing under the subcontract. CPI claimed Hedley had unjustifiably withheld payment for the work it had performed and it sought the amount due under the subcontract, $13,099.60. Hedley stipulated that this was the amount owing under the subcontract, but claimed it owed nothing to CPI because CPI had unjustifiably delayed completing its work. Accordingly, Hedley sought $22,176 in delay damages from CPI. In response, CPI claimed the delay was justified because it occurred during an extended period of freezing weather, and plaster cannot be applied when the temperature is too cold.

After considering this evidence, the arbitrator found in favor of CPI, awarding it $11,251 under the subcontract and $1,549 in interest. In addition, the arbitrator ruled CPI was the prevailing party in the dispute and that it was, thus, entitled to $11,178 in attorney fees under a clause of the subcontract.[2]

Hedley then filed a petition in the San Mateo Superior Court seeking to vacate or, in the alternative, to modify the arbitration award. As is pertinent

---

[1]The applicable clause states, in part, "All claims, disputes and matters in question arising out of, or relating to, this Agreement or the breach thereof . . . shall be decided by arbitration . . . ."

[2]The controlling clause states, "Should either party employ an attorney to institute suit or demand arbitration to enforce any of the provisions hereof, to protect its interest in any matter arising under this Agreement, or to collect damages for the breach of the Agreement . . . , the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges, and expenses expended or incurred therein."

here, Hedley urged the court to strike the attorney fees award because CPI was not the prevailing party at the arbitration. The trial court refused to vacate the entire award, but ruled CPI was not the prevailing party because it had recovered less than the amount the parties had stipulated was owing under the subcontract. Accordingly, the court struck the attorney fees award.

CPI then asked the court to reconsider its ruling. When the court refused, CPI filed the present appeal.

## II. DISCUSSION

The issue in this case is whether the arbitrator's award of attorney fees to CPI, as the prevailing party in the arbitration, could be judicially vacated. Our Supreme Court has recently reiterated the strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution. (*Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899].) This important public policy mandates the minimization of judicial intervention in the process of arbitration because, inter alia, the parties thereto expect arbitration to be final rather than the prelude to further litigation. Thus, the Supreme Court has proscribed judicial review of the merits of the controversy, the validity of the arbitrator's reasoning, or the sufficiency of the evidence supporting the arbitrator's award. (*Id.* at p. 11.) ■ The only grounds for vacating an award are those which are listed in Code of Civil Procedure section 1286.2 (section 1286.2). Absent proof of one of the grounds listed in that section, a court may not vacate an award, even if the arbitrator commits legal or factual errors which appear on the face of the award and which cause substantial injustice. (*Moncharsh* v. *Heily & Blase, supra,* 3 Cal.4th at pp. 10-13, 26-28.)

■ In the present case, Hedley claims the award of attorney fees to CPI was properly vacated because the award exceeded the arbitrator's powers within the meaning of section 1286.2, subdivision (d).[3] Hedley acknowledges the arbitrator had the power to award attorney fees under the terms of the subcontract and its arbitration provisions; but argues, and the trial court agreed, that the arbitrator exceeded his powers because CPI could not legally and factually be the "prevailing party" in the underlying arbitration. This conclusion was reached on the rationale that CPI's arbitration award ($11,251 plus interest) was less than the amount Hedley stipulated it owed CPI ($13,099.60) subject to Hedley's claim of setoff ($22,176) against CPI for delay damages which the arbitrator rejected.

---

[3]Section 1286.2 provides in part, "the court shall vacate the award if the court determines that: [¶] .... [¶] (d) The arbitrators exceeded their powers ...."

Hedley's implicit contention is that, where money damages are sought in arbitration, the exclusive basis of determining the prevailing party for purposes of awarding attorney fees is whether that party received a greater or lesser *monetary* recovery than sought or stipulated to.

Initially we observe this simplistic approach ignores the fact CPI prevailed on Hedley's setoff claim. An arbitrator is not required to base his prevailing party ruling on the narrow mathematical formula Hedley urges. Such a decision is properly based, as it was here, on the arbitration results as a whole, wherein Hedley unsuccessfully sought to escape *all* financial liability for a stipulated amount it owed CPI by claiming a setoff which the arbitrator rejected.

Totally aside from these considerations, however, the lower court erred because it lacked the authority to reverse or modify the arbitrator's prevailing party finding, which constituted a ruling on an issue the arbitrator was authorized to decide.

CPI and Hedley agreed the arbitrator could decide "All . . . matters in question arising out of, or relating to, [the subcontract]" (see fn. 1, *ante*). The identity of the prevailing party for purposes of an attorney fee award was manifestly such a "matter[] in question." That issue was one solely for decision by the arbitrator, who did not exceed his powers by his ruling. So long as an arbitrator has, as conceded here, the power and authority to decide that issue, his decision thereon cannot exceed his powers within the meaning of section 1286.2, subdivision (d). Even if that decision constituted or was generated by the arbitrator's error of law or fact, it nonetheless binds the parties and is immune from judicial interference. "A contrary holding would permit the exception to swallow the rule of limited judicial review; a litigant could always contend the arbitrator erred and thus exceeded his powers." (*Moncharsh* v. *Heily & Blase, supra*, 3 Cal.4th at p. 28.)

Hedley presents additional arguments in an effort to support the lower court's ruling. First, it claims the trial court's holding was a "discretionary" ruling which is entitled to deference on appeal. However, Hedley has not cited any authority to support this assertion and the case law is to the contrary. The courts of this state have held that whether an arbitrator exceeded his power is a question of law which is reviewed de novo on appeal. (See, e.g., *Southern Cal. Rapid Transit Dist.* v. *United Transportation Union* (1992) 5 Cal.App.4th 416, 423 [6 Cal.Rptr.2d 804].)

Alternately, Hedley claims the lower court's ruling should be sustained based on a dissent in *Moncharsh*. We, of course, are obligated to follow the

majority. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

III. DISPOSITION

The judgment is reversed to the extent it strikes the award of attorney fees to CPI. In all other respects, the judgment is affirmed.

King, J., and Haning, J., concurred.