94 Cal.Rptr.2d 597 (2000)
22 Cal.4th 771
996 P.2d 699
Robin MOSHONOV, Plaintiff and Respondent,
v.
John D. WALSH et al., Defendants and Appellants.
No. S076103.
Supreme Court of California.
April 17, 2000.
John D. Walsh, in pro. per., for Defendant and Appellant.
Law Offices of Thomas J. LaLanne and Thomas J. LaLanne, San Francisco, for Defendants and Appellants Eladia Ganulin and Marty Ganulin.
Tanke & Willemsen, Tony J. Tanke, Redwood City, and Karen Bautista Hobin, for Plaintiff and Respondent.
WERDEGAR, J.
This multiparty dispute arising out of a real estate purchase was submitted, on stipulation of all parties, to binding arbitration. The arbitrator found for defendants, the sellers. Although the real estate purchase agreement contained a clause providing for reasonable attorney fees to the prevailing party in an "arbitration or suit ... brought to enforce the terms of this contract or any obligation herein," and although the arbitrator found defendants were the prevailing parties on the complaint and on a cross-complaint, the arbitrator refused to award defendants any fees, reasoning that the contractual attorney fees clause was not broad enough to encompass the claims against defendants, claims the arbitrator found were noncontractual in nature.
The superior court denied defendants' motion to correct the award (Code Civ. Proc., § 1286.6)[1] to include an award of *598 attorney fees; the Court of Appeal affirmed. We conclude the lower courts acted correctly: where an arbitrator's denial of fees to a prevailing party rests on the arbitrator's interpretation of a contractual provision within the scope of the issues submitted for binding arbitration, the arbitrator has not "exceeded [his or her] powers" (§§ 1286.2, subd. (d), 1286.6, subd. (b)) as we have understood that narrow limitation on arbitral finality. (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 28, 10 Cal.Rptr.2d 183, 832 P.2d 899 (Moncharsh); Advanced Micro Devices, Inc. v. Intel Corp. (1994) 9 Cal.4th 362, 376-381, 36 Cal.Rptr.2d 581, 885 P.2d 994 (Advanced Micro Devices).)

PROCEDURAL BACKGROUND
Plaintiff Robin Moshonov sued defendants John D. Walsh and Eladia and Marty Ganulin for damages arising out of plaintiffs purchase from defendants of a residential property in San Francisco. In addition to being the sellers, Walsh provided architectural plans for renovating the property and the Ganulins, doing business as Unique Homes, acted as the sellers' broker for the transaction. The complaint set out five causes of action against all defendants: negligence in advising plaintiff of the property's condition, the Ganulins' ownership interest, the accuracy of Walsh's plans, and the difficulty of evicting a tenant in possession; intentional misrepresentation and concealment as to the same matters; violation of "numerous State and local statutes, including but not necessarily limited to Civil Code § 1102 and § 1710"; intentional infliction of emotional distress; and negligent infliction of emotional distress.
Defendants answered and cross-complained against each other and against Richard Jarrette Kahn, Moshonov's agent in the purchase and subsequently her contractor on the renovation. Kahn, in turn, cross-complained against defendants.
The real estate purchase contract contained the following attorney fees clause: "Should arbitration or suit be brought to enforce the terms of this contract or any obligation herein, including any action by Broker(s) to recover commissions, the prevailing party shall be entitled to reasonable attorney's fees." Fees were prayed for in the original complaint, the Ganulins' cross-complaint, Walsh's cross-complaint, the Ganulins' answer to Walsh's cross-complaint, Kahn's answer to the Ganulins' cross-complaint, Kahn's cross-complaint, and the Ganulins' answer to Kahn's cross-complaint.
Before trial, all parties agreed "to send this matter to binding arbitration" before an arbitrator selected from the San Francisco Superior Court's panel, with the further stipulation that "the Rules of Court shall govern the hearing of that arbitration." The stipulation for arbitration did not expressly address attorney fees.
After hearing and briefing, the arbitrator ruled for defendants. The award provided that plaintiff would take nothing on her complaint and Kahn would take nothing on his cross-complaint. The defendants' cross-complaints were deemed moot. The award provided that defendants were entitled to recover their costs, but made no specific provision for recovery of attorney fees.
The Ganulins moved in superior court to confirm the award and for an order naming them as prevailing parties and awarding them attorney fees. Upon considering the motion and opposition, the superior court remanded the case to the arbitrator "to determine whether attorneys fees are to be awarded, and, if so, to determine the appropriate amounts."
On remand, the arbitrator denied all defendants' requests for attorney fees. The arbitrator found defendants were the prevailing parties and were entitled to their costs of suit, but ruled the underlying contract did not provide for attorney fees on the tort actions pled against defendants: "4. The attorneys' fee provision at issue in this case is distinguishable from *599 those discussed in Xuereb v. Marcus & Millichap, 3 Cal.App.4th 1338, 5 Cal. Rptr.2d 154 (1992), and its progeny. Unlike the latter, which provide for recovery of attorneys' fees in actions `arising out of the agreement or to which the agreement `gives rise,' the provision here specifically limits fee recovery to proceedings `brought to enforce the terms of this contract or any obligation herein.' Accordingly, it is not broad enough to encompass non-contractual claims. [¶] 5. The Stipulation of All Parties to Send Action and All Cross Actions to Arbitration does not provide that the prevailing party is entitled to recover his or her arbitration expenses and fees."
Relying on DiMarco v. Chaney (1995) 31 Cal.App.4th 1809, 37 Cal.Rptr.2d 558 (Di-Marco ), the Ganulins moved the superior court to correct the award pursuant to section 1286.6, subdivision (b), so as to award them attorney fees. The court, finding the arbitrator had not exceeded her powers in denying the fees, denied the motion and entered judgment on the arbitration awards.
The Court of Appeal affirmed. The court declined to review the merits of the arbitrator's decision on fees. Relying on this court's decision in Moncharsh, supra, 3 Cal.4th 1, 10 Cal.Rptr.2d 183, 832 P.2d 899, and expressly disagreeing with Di-Marco, supra, 31 Cal.App.4th 1809, 37 Cal. Rptr.2d 558, the Court of Appeal held that "[w]hether or not the arbitrator correctly interpreted the [attorney fees] clause, the award is not subject to judicial review on the basis of an error of law."
We granted the Ganulins' petition for review.

DISCUSSION
In Moncharsh, this court held judicial review of private, binding arbitration awards is generally limited to the statutory grounds for vacating (§ 1286.2) or correcting (§ 1286.6) an award; we rejected the view that a court may vacate or correct the award because of the arbitrator's legal or factual error, even an error appearing on the face of the award. (Moncharsh, supra, 3 Cal.4th at pp. 8-28, 10 Cal. Rptr.2d 183, 832 P.2d 899.) We further explained that arbitrators do not "exceed[ ] their powers" within the meaning of section 1286.2, subdivision (d) and section 1286.6, subdivision (b) merely by rendering an erroneous decision on a legal or factual issue, so long as the issue was within the scope of the controversy submitted to the arbitrators. "The arbitrator's resolution of these issues is what the parties bargained for in the arbitration agreement." (Moncharsh, supra, at p. 28, 10 Cal. Rptr.2d 183, 832 P.2d 899.)
We agree with the courts below that, under the principle of arbitral finality as explained in Moncharsh, the arbitrator's award in the present case could not be judicially corrected to award defendants their attorney fees. As discussed above, all parties had prayed for fees in their various pleadings. The parties then submitted "this matter" to binding arbitration, without any pertinent limitation on the issues to be arbitrated.[2] Under the agreed rules of arbitration, the California Rules of Court ordinarily governing judicial arbitration, the arbitrator was empowered "to decide the law and facts of the case and make an award accordingly." (Cal. Rules of Court, rule 1614(a)(7).) The award was to "determine all issues properly raised by the pleadings, including a determination of any damages and an award of costs if appropriate." (Id., rule 1615(a).) The arbitrator was expressly empowered "to award costs, not to exceed the statutory costs of the suit." (Id., rule 1614(a)(8); see § 1033.5, subd. (a)(10)(A) [attorney fees allowable as costs when authorized by contract].) Under these circumstances, *600 the arbitrator had the power to decide the entire matter of recovery of attorney fees. The recovery or nonrecovery of fees being one of the "contested issues of law and fact submitted to the arbitrator for decision" (Moncharsh, supra, 3 Cal.4th at p. 28, 10 Cal.Rptr.2d 183, 832 P.2d 899), the arbitrator's decision was final and could not be judicially reviewed for error.
The Ganulins argue that the disputed merits of the case, which they concede the arbitrator had final authority to decide, did not include questions of costs, such as attorney fees. They characterize the latter as merely "incident" to the judgment and outside the merits submitted for arbitration. The Court of Appeal correctly disposed of this argument as follows: "We do not think, however, that the term `the merits of the decision' [(§ 1286.6, subd. (b))] is subject to any fixed meaning, incorporating a distinction between substantive issues and procedural remedies. The meaning of the phrase must rather be found in the terms of the submission. As we have noted, the parties here effectively submitted the issue of attorney fees to the arbitrator by submitting to arbitration all matters pending in the scheduled trial, including the prayer for attorney fees in the complaint. Hence, the issue of attorney fees related here to the merits of the arbitrator's decision on the matters submitted to arbitration, though it may well lie outside the merits of the arbitrator's decision in another case."
In a variation of the above argument, the Ganulins assert that, while the arbitrator was empowered to decide who the prevailing party was, she had no authority to deny that party recovery of fees, since "[w]hether or not fees were to be awarded to the prevailing party in this litigation/arbitration was not an issue in dispute...." On this basis, the Ganulins would distinguish this case from Creative Plastering, Inc. v. Hedley Builders, Inc. (1993) 19 Cal.App.4th 1662, 24 Cal.Rptr.2d 216, in which the superior court was held to have erred by subjecting to judicial review an arbitrator's designation of the prevailing party in a construction contract dispute.
The Ganulins' distinction between the designation of the prevailing party and the decision whether to award that party attorney fees fails for two reasons. First, contrary to the Ganulins' assertion, the latter issue was disputed before the arbitrator here. Plaintiff, in her opposition to defendants' request for fees (before the arbitrator on remand) argued no fees should be awarded because the action was not one to enforce the contract, the very reasoning adopted by the arbitrator in denying fees. Second, even if this point had not been actively disputed by the parties, denial of fees on this basis would have been within the arbitrator's agreed-upon power "to decide the law and facts of the case and make an award accordingly." (Cal. Rules of Court, rule 1614(a)(7).) Although the parties, by agreement, can certainly exclude specific questions from arbitration, in the absence of such restriction an arbitrator has the power to decide the submitted matter on any legal or factual basis, whether or not any party has relied upon that particular basis.
Citing this court's decision in Advanced Micro Devices, supra, 9 Cal.4th 362, 36 Cal.Rptr.2d 581, 885 P.2d 994, the Ganulins contend the award should have been corrected because the arbitrator's refusal to award attorney fees was in direct conflict with the express terms of the arbitrated contract, to wit, the purchase agreement's attorney fees clause. We disagree.
In Advanced Micro Devices, we applied Moncharsh's general rule of arbitral finality in the context of an arbitrator's remedial choice; specifically, we sought to elucidate the standard "by which courts are to determine whether a contractual arbitrator has exceeded his or her powers in awarding relief for a breach of contract." (Advanced Micro Devices, supra, 9 Cal.4th at p. 366, 36 Cal.Rptr.2d 581, 885 P.2d 994.) Adopting a deferential standard derived from federal case law, we held that, unless *601 the contract, the submission, or the rules of arbitration provide otherwise, an arbitrator's choice of relief does not exceed his or her powers so long as it "bears a rational relationship to the underlying contract as interpreted, expressly or impliedly, by the arbitrator and to the breach of contract found, expressly or impliedly, by the arbitrator." (Id. at p. 367, 36 Cal.Rptr.2d 581, 885 P.2d 994.) We stressed the award may be based on a contractual interpretation "implied in the award itself," or even to a "plausible theory" of the contract's intent, but cautioned an arbitrator would exceed his or her powers by awarding relief "expressly forbidden by the arbitration agreement or submission." (Id. at p. 381, 36 Cal.Rptr.2d 581, 885 P.2d 994.)
Because the arbitrator found the present action was not one for breach of contract, a decision we have already explained is unreviewable under Moncharsh, supra, 3 Cal.4th at page 28, 10 Cal.Rptr.2d 183, 832 P.2d 899, the standard of judicial review set forth in Advanced Micro Devices, supra, 9 Cal.4th at page 381, 36 Cal. Rptr.2d 581, 885 P.2d 994, concerning arbitral remedies for breach of contract, does not appear directly applicable. To the extent our Advanced Micro Devices decision does bear on the present case, moreover, it clearly supports the lower courts' refusal to correct the award. The arbitrator's decision against awarding fees was expressly based on the arbitrator's interpretation of the purchase contract's attorney fees clause, which the arbitrator concluded was not broad enough to encompass the noncontractual claims against defendants. Far from conflicting with the express terms of the contract, therefore, the award was plainly based on "the underlying contract as interpreted, expressly or impliedly, by the arbitrator." (Id. at p. 367, 36 Cal.Rptr.2d 581, 885 P.2d 994.)
Finally, the Ganulins contend DiMarco, supra, 31 Cal.App.4th 1809, 37 Cal.Rptr.2d 558, was, contrary to the view of the Court of Appeal, correctly decided and that it supports correction of the present award. Plaintiff, in contrast, contends DiMarco is both distinguishable and wrongly decided.
In DiMarco, purchasers of real estate sued to rescind the purchase contract, which contained a clause providing for attorney fees to the prevailing party in any action arising out of the contract. Pursuant to an arbitration clause in that contract, the action was referred to arbitration. The arbitrator found for the defendant seller. The arbitrator further stated that the defendant was the prevailing party, and that the arbitrator was aware of Civil Code section 1717, which provides that attorney fees are recoverable as costs by the prevailing party if the contract provides for an award of fees to any party. The arbitrator nevertheless denied the defendant's request for fees, stating only that he believed he had the discretion to do so. The superior court corrected the award by giving the defendant her reasonable attorney fees. (DiMarco, supra, 31 Cal.App.4th at pp. 1812-1813 & fn. 1, 37 Cal.Rptr.2d 558.)
The appellate court affirmed, reasoning: "Here, the arbitrator's decision to deny Chaney an award of attorney fees, notwithstanding his finding Chaney was the prevailing party, exceeded his powers because the agreement provides `the prevailing party shall be entitled to reasonable fees and costs.' (Italics added.) [¶] Had the arbitrator found neither DiMarco nor Chaney was the prevailing party, the arbitrator properly could have declined to make any award of attorney fees. But having made a finding Chaney was the prevailing party, the arbitrator was compelled by the terms of the agreement to award her reasonable attorney fees and costs." (DiMarco, supra, 31 Cal.App.4th at p. 1815, 37 Cal.Rptr.2d 558.)
We need not decide whether DiMarco's reasoning is correct, for that case is readily distinguishable from this one. In DiMarco, supra, 31 Cal.App.4th 1809, 37 Cal. Rptr.2d 558, the appellate court found no interpretation of the fees clause, express *602 or implied in the arbitrator's decision, according to which the defendant would not have been entitled to her fees; rather, the court concluded the arbitrator's denial of fees to the prevailing party on an action to rescind the contract, based solely on the arbitrator's belief he had discretion to do so, conflicted with the explicit and mandatory terms of the agreement, which provided that the prevailing party in an action arising from the agreement "shall" recover fees. Here, by contrast, the arbitrator expressly based her decision on an interpretation of the contractual fees clause, according to which the clause did not apply to the action at hand. Interpretation of the contract underlying this dispute being within the matter submitted to arbitration, such an interpretation could amount, at most, to an error of law on a submitted issue, which we have held is not in excess of the arbitrator's powers within the meaning of sections 1286.2 and 1286.6. (Moncharsh, supra, 3 Cal.4th at p. 28, 10 Cal. Rptr.2d 183, 832 P.2d 899.) The decision here thus did not violate "`"an express and explicit restriction on the arbitrator's power."'" (Advanced Micro Devices, supra, 9 Cal.4th at pp. 381-382, 36 Cal. Rptr.2d 581, 885 P.2d 994.)

CONCLUSION
Because the disputed issue of contractual interpretationwhether the purchase agreement's attorney fees clause was broad enough to encompass the causes of action against defendantswas committed to final adjudication by the arbitrator, rather than the courts, we decline, as did the Court of Appeal, to consider the issue's merits. Regardless of whether the arbitrator's contractual interpretation and related ruling denying fees was legally correct, it was final and binding by agreement of the parties.

DISPOSITION
The judgment of the Court of Appeal is affirmed.
GEORGE, C.J., BAXTER, J., CHIN, J., and BROWN, J., concur.
Concurring Opinion by KENNARD, J.
I agree with the majority that the arbitrator's decision in this case to deny attorney fees to defendants should be upheld. But I reach that conclusion by applying the test for reviewing arbitration decisions set forth in my dissent in Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 40, 10 Cal.Rptr.2d 183, 832 P.2d 899. The majority, by contrast, rejects any judicial review whatsoever of the arbitrator's decision.
When an arbitrator decides a dispute, the arbitrator's decision is not just a private suggestion that the parties to the dispute can choose to obey or ignore. Rather, it becomes a judicially enforceable command in which all the awesome power of the state compels one party to turn over money or property to the other, or to behave in conformity with the arbitrator's injunction. In Moncharsh v. Heily & Blase, supra, 3 Cal.4th 1, 10 Cal.Rptr.2d 183, 832 P.2d 899, this court held that a court may not review the decision of an arbitrator, even when the decision is erroneous on its face and causes substantial injustice. Joined by Justice Mosk, I dissented, explaining that California law had always recognized a limited power of judicial review of an arbitrator's decision, and that judicial review is necessary to ensure that a derelict arbitrator does not turn our courts into active agents of injustice. (Moncharsh v. Heily & Blase, supra, 3 Cal.4th at pp. 33-40, 10 Cal.Rptr.2d 183, 832 P.2d 899.)(Conc. & dis. opn. of Kennard, J.)
Here, applying the Moncharsh rule, the majority holds that the arbitrator's decision in this case is unreviewable. I disagree, and would instead review the arbitrator's decision under the traditional standard of arbitral review set forth in my dissent in Moncharsh: Is the arbitrator's decision erroneous on its face and does it cause substantial injustice? (Moncharsh v. Heily & Blase, supra, 3 Cal.4th 1, 40, 10 Cal.Rptr.2d 183, 832 P.2d 899.)
*603 The arbitrator decided this tort action in favor of defendants. A contract between plaintiff and defendants provided that, if litigation occurred between them, any prevailing party would be compensated for its attorney fees by the opposing party. Some defendants sought their attorney fees from plaintiff; the arbitrator denied their request, ruling that the fee provision was limited to contract actions, which this tort action was not.[1] Those defendants then made a motion in the trial court to correct the arbitrator's decision and to award them attorney fees; the trial court denied the motion and the Court of Appeal affirmed.
Reviewing the arbitrator's decision on attorney fees under the standard articulated in my dissent in Moncharsh v. Heily & Blase, supra, 3 Cal.4th 1, 40, 10 Cal. Rptr.2d 183, 832 P.2d 899, I would uphold the decision. The fee provision states that the prevailing party "shall" be entitled to attorney fees in any "arbitration or suit ... brought to enforce the terms of this contract or any obligation herein." It is a reasonable interpretation of the contract to determine, as the arbitrator did, that the attorney fee provision was intended to apply only to contract claims and not to noncontract claims. Thus, the arbitrator's decision to deny attorney fees to defendants is not erroneous on its face and therefore should not be corrected or vacated. On that basis, I would affirm the judgment of the Court of Appeal.
MOSK, J., concurs.
NOTES
[1] Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.
[2] The stipulation provided that "all issues of law shall be determined in the San Francisco Superior Court up to the commencement of the Arbitration." No suggestion has been made, however, that any legal issue regarding fees was raised or decided in court before the arbitration.
[1] The course of proceedings was actually somewhat more complicated. Initially, the arbitrator issued an order that decided the merits of the litigation and awarded costs to defendants but was silent as to attorney fees. Some of the defendants made a motion in the trial court to confirm the award and for an order awarding them attorney fees as the prevailing party. The trial court "remanded" the case to the arbitrator "to determine whether the attorney fees are to be awarded."

The validity of the trial court's "remand" procedure is somewhat uncertain. Historically, an arbitrator's act of making an award terminated the arbitrator's power; it was considered functus officio, an act whose performance terminates the legal authority of the actor. (1 Domke, Commercial Arbitration (rev. ed.1999) § 22.01, p. 337; Hyle v. Doctor's Associates, Inc. (2d Cir.1999) 198 F.3d 368, 370.) California's arbitration statute (Code Civ. Proc, § 1280 et seq.) does not expressly authorize a court to remand an arbitration award for the purpose of having the arbitrator supplement the award by deciding an additional issue within the scope of the original arbitration submission but not decided by the arbitrator. (Section 1287 of the Code of Civil Procedure does permit rehearing by the original arbitrator when a court has vacated an award entirely if it has done so on the ground that the arbitrator exceeded his or her powers or on the ground that the arbitrator erroneously and prejudicially excluded evidence or refused a postponement.) Some courts have permitted remands for the limited purpose of clarifying an ambiguous award (see, e.g., Hyle v. Doctor's Associates, Inc., supra, 198 F.3d at p. 370), but here the trial court did more than that. It did not ask the arbitrator what she had decided on the question of attorney fees, but it asked her to decide whether defendants should receive fees. Because neither the parties nor the majority raise the issue, I express no views on the propriety of this procedure.