KENNARD, J., Concurring.
At issue here is a decision by three arbitrators after resolving the merits of a dispute not to award attorney fees to a party. The majority holds that the arbitrators’ decision is not judicially reviewable. I disagree. For the reasons I have stated in the companion case of Moshonov v. Walsh (2000) 22 Cal.4th 771 [94 Cal.Rptr.2d 597, 996 P.2d 699], I would review the arbitrators’ decision under the standard set forth in my dissent in Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 40 [10 Cal.Rptr.2d 183, 832 P.2d 899]: Is the arbitrators’ decision erroneous on its face and does it cause substantial injustice?
This dispute arose when plaintiffs, shareholders of a land development corporation, put up their homes as collateral for additional loans by defendant bank to the corporation. When the corporation experienced financial difficulty and the bank sought to foreclose on plaintiffs’ homes, they sued the bank on a variety of contract, tort, and statutory causes of action, seeking damages and injunctive relief. The loan agreements contained an arbitration clause, which the bank invoked.
The arbitrators ordered the bank to cancel the loans but did not award plaintiffs any damages (plaintiffs dropped their request for contract damages at the arbitration hearing) and ordered each party to bear its own attorney fees, notwithstanding an attorney fee provision in the loan agreements entitling the bank to attorney fees (a provision that becomes mutual and reciprocal by operation of Civ. Code, § 1717). Plaintiffs petitioned the trial court to correct the award by awarding them attorney fees. The trial court denied plaintiffs’ petition, reasoning that the arbitrators’ decision on attorney fees was unreviewable. The Court of Appeal affirmed, reasoning that although plaintiffs were the prevailing parties as a matter of law and therefore *790 entitled to attorney fees by virtue of the contract and section 1717, the arbitrators’ denial of fees was an unreviewable error of law.
The arbitrators gave no reason for refusing to designate a prevailing party or for refusing to award attorney fees. It is not clear on the face of the award that this was error. Under Civil Code section 1717, a party has an absolute right to attorney fees only if it completely and unqualifiedly prevails on its contract claims; otherwise the court (or the arbitrator if the matter is submitted to arbitration) has discretion to decide that no party is the prevailing party. (Hsu v. Abbara (1995) 9 Cal.4th 863, 876 [39 Cal.Rptr.2d 824, 891 P.2d 804].) In this case, because plaintiffs pleaded both contract and noncontract causes of action, it is unclear whether the arbitrators based their award of relief on the contract causes of action. If they did not, then they did not err in refusing to award attorney fees. Even if the arbitrators did base their award of relief on the contract cause of action, they may have concluded that plaintiffs, having relinquished at the arbitration hearing the request for contract damages, did not unqualifiedly prevail on the contract, and that it was therefore within the arbitrators’ discretion whether to designate plaintiffs as prevailing parties entitled to attorney fees.
For these reasons, the arbitrators’ decision to deny attorney fees to plaintiffs is not erroneous on its face, and should be upheld under the standard set forth in my dissent in Moncharsh v. Heily & Blase, supra, 3 Cal.4th 1, 40. Accordingly, I agree with the result reached by majority, the trial court, and the Court of Appeal: The arbitration award should not be corrected or vacated.
Mosk, J., concurred.