[No. H027703. Sixth Dist. June 29, 2005.]

GARY TAYLOR et. al., Plaintiffs and Appellants, v.
VAN-CATLIN CONSTRUCTION, Defendant and Respondent.

**COUNSEL**

Hopkins & Carley and Arthur V. Plank for Plaintiffs and Appellants.

Harold P. Smith for Defendant and Respondent.

Opinion

**ELIA, J.**—Gary and Jennifer Taylor petitioned the superior court to confirm an arbitration award they had obtained in their dispute with a construction contractor, respondent Van-Catlin Construction (VCC). The court, however, granted VCC's request to correct the award under Code of Civil Procedure section 1286.6 on the ground that the arbitrator had exceeded his powers in granting attorney fees. The Taylors appeal, contending that the court erred in reviewing the award and in correcting "a legal error that did not exist." We agree that the deletion of the attorney fees was improper, and we must therefore reverse the order.

### Background

The parties' dispute arose after the Taylors engaged VCC to remodel their home. When the Taylors refused to pay the full contract price, VCC demanded arbitration pursuant to their agreement. In their answering statement the Taylors asserted a counterclaim for the amount they had incurred to repair the defects in VCC's work. On February 6, 2004, the arbitrator found that VCC's performance had been "materially substandard and inexcusably delinquent, thus entitling [the Taylors] to compensation for their reasonable, substantiated costs in completing and correcting said work." The arbitrator awarded the Taylors $156,166.73 in damages, subject to an offset of $47,782.58.

The arbitrator also declared the Taylors to be the prevailing parties and awarded them $74,310.38 in attorney fees. In making the fee award, the arbitrator reasoned as follows: "Although the governing contract between Claimant [VCC] and Respondents [the Taylors] is devoid of any attorney's fee provision, Respondents are statutorily entitled to such a recovery as the 'prevailing party' pursuant to Code of Civil Procedure section 1033.5 [(a)][(9)][(c)] [*sic*], and by operation of the [American Arbitration] Association's Rule 46[d], permitting such an award where, as here, all parties have requested the same through their respective claims, counterclaims, and answering statements filed in this arbitration."[1] (Italics omitted.)

On March 5, 2004, the Taylors filed a petition to confirm the award. In its opposition VCC urged the court either to dismiss the petition as procedurally

---

[1] All references to "rules" or "AAA rules" are to the "Construction Industry Arbitration Rules and Mediation Procedures" of the American Arbitration Association.

As appellants and the trial court recognized, the arbitrator mistakenly referred to rule 46(d) of the AAA rules and subdivision (a)(9)(C) of Code of Civil Procedure section 1033.5. His obvious intent was to rely on R-44(d) and on Code of Civil Procedure section 1033.5, subdivision (a)(10)(C).

defective or, alternatively, to correct the award to delete the attorney fees. VCC contended that the award of attorney fees was without any "contractual or statutory basis," that neither party had requested such fees, and that the award was beyond the arbitrator's authority under Civil Code section 3260. Consequently, VCC argued, the arbitrator had exceeded his powers in awarding attorney fees.

The superior court agreed with VCC. The court noted that the applicable arbitration rules permitted arbitrators to award attorney fees if the arbitration agreement provided for them, if all parties had requested them, or if they were authorized by law.[2] Here, the court ruled, none of these conditions applied. It was undisputed that the parties' agreement did not mention attorney fees, and VCC had not requested such fees in the arbitration proceeding. Furthermore, the arbitrator "seemed to conclude" that there was a bona fide dispute between the parties, and under *Denver D. Darling, Inc. v. Controlled Environments Construction, Inc.* (2001) 89 Cal.App.4th 1221 [108 Cal.Rptr.2d 213], "a party is entitled to attorney's fees only in cases where a bona fide dispute did not exist. . . . Consequently, *Controlled Environments* precludes either party from recovering attorney's fees as costs under Civil Code, § 3260." Accordingly, the court ordered the award "corrected to reflect this error" by the arbitrator.

*Discussion*

1. *Scope of Review*

■ The parties agree that Code of Civil Procedure section 1286.6 provides for correction of an arbitration award if "[t]he arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc., § 1286.6, subd. (b); see also Code Civ. Proc., § 1286.2 [vacating awards].) However,

---

[2] The version of the AAA rules and procedures applicable to this case contained the following provision governing the scope of an arbitration award: "(a) The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, equitable relief and specific performance of a contract. [¶] (b) In addition to the final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate. [¶] (c) In the final award, the arbitrator shall assess fees, expenses, and compensation as provided in Sections R-50, R-51, and R-52. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate. [¶] (d) The award of the arbitrator may include interest at such rate and from such date as the arbitrator may deem appropriate; and an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." (AAA Rules and Procedures, R-44, eff. July 1, 2003.)

"the deference due an arbitrator's decision on the merits of the controversy requires a court to refrain from substituting its judgment for the arbitrator's in determining the contractual scope of those powers." (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 372 [36 Cal.Rptr.2d 581, 885 P.2d 994] (*AMD*).) In particular, arbitrators do not exceed their powers "merely by rendering an erroneous decision on a legal or factual issue, so long as the issue was within the scope of the controversy submitted to the arbitrators." (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775 [94 Cal.Rptr.2d 597, 996 P.2d 699].)

■ Furthermore, a court may not vacate or correct an arbitration award merely because it disagrees with the arbitrator's choice of remedy. "[A]n appropriately deferential review starts not from the beginning, but from the arbitrator's own rational assessment of his or her contractual powers and is dependent on (that is, rests on acceptance of) this and any other factual or legal determination made by the arbitrator. The principle of arbitral finality, the practical demands of deciding on an appropriate remedy for breach, and the prior holdings of this court all dictate that arbitrators, unless expressly restricted by the agreement or the submission to arbitration, have substantial discretion to determine the scope of their contractual authority to fashion remedies, and that judicial review of their awards must be correspondingly narrow and deferential." (*AMD, supra,* 9 Cal.4th at p. 376.) "Were courts to reevaluate independently the merits of a particular remedy, the parties' contractual expectation of a decision according to the arbitrators' best judgment would be defeated." (*Id.* at p. 375; see also *Paperworkers v. Misco, Inc.* (1987) 484 U.S. 29, 38 [98 L.Ed.2d 286, 108 S.Ct. 364] [courts have no authority to disagree with arbitrator's "honest judgment" in determining contract remedies because judicial intervention would undermine speedy private resolution of grievances].)

■ Accordingly, "arbitrators, unless *expressly restricted* by the agreement of the parties, enjoy the authority to fashion relief they consider just and fair under the circumstances existing at the time of arbitration, so long as the remedy may be rationally derived from the contract and the breach. The rights and obligations of the parties under the contract as it was to be performed are not an unfailing guide to the remedies available when the contract has been breached. It follows that parties entering into commercial contracts with arbitration clauses, if they wish the arbitrator's remedial authority to be specially restricted, would be well advised to set out such limitations *explicitly and unambiguously* in the arbitration clause." (*AMD, supra,* 9 Cal.4th at p. 383, italics added.)

## 2. *Propriety of Attorney Fees in Arbitration Award*

VCC maintains that in this case the arbitrator exceeded his powers because attorney fees were not authorized under the AAA rules, the contract, or Civil Code section 3260. It is undisputed that attorney fees were not provided for in the parties' agreement; on the other hand, they were not "expressly restricted" either. (*AMD, supra,* 9 Cal.4th at p. 376.) In any event, the arbitrator did not purport to base the award on any contractual provision. Instead, he identified two reasons for granting attorney fees to the Taylors: a rule of the American Arbitration Association that allows such fees when all parties have requested them (see AAA rules, R-44(d)) and Code of Civil Procedure section 1033.5, subdivision (a)(10)(C). Although, contrary to VCC's assertion and the court's finding, VCC clearly did request attorney fees,[3] the record discloses no similar request by the Taylors. However, we need not decide whether the arbitrator's reliance on a request by "all parties" constituted an error of fact or law or resulted in an act in excess of the arbitrator's powers, because his alternative rationale should not have been supplanted by the court's own legal conclusion.

Code of Civil Procedure section 1033.5, subdivision (a)(10)(C), permits an award of attorney fees as costs when "authorized by [¶]. . . [¶] [l]aw." The arbitrator apparently believed that the authorizing law in this case was Civil Code section 3260,[4] the statute on which VCC had based its request for fees. Neither in the court below nor on appeal did VCC contend that the mere act of applying statutory authority was in itself beyond the powers of the arbitrator; it is only the *result* of that application that VCC disputes. Thus, we are not presented with an issue of whether an arbitration award was improperly "based on an extrinsic source" or whether a chosen remedy is "rationally drawn from the contract as so interpreted." (*AMD, supra,* 9 Cal.4th at pp. 381, 377.)

The trial court concluded that attorney fees were "not warranted" here because *Denver D. Darling, Inc. v. Controlled Environments Construction, Inc., supra,* 89 Cal.App.4th 1221 precluded such fees when "a bona fide dispute" existed, and here the arbitrator "seemed to conclude that there was a

---

[3] On October 31, 2003, VCC submitted to the arbitrator its calculation of amounts owed by the Taylors, which totaled $236,187.11, "plus attorneys fees and costs." VCC included a paragraph asserting that "Civil Code section 3260 Applies" and stating that "[u]nless there is a *bona fide* dispute, Van-Catlin is entitled to interest at two percent (2%) per month and attorneys fees under section 3260. . . . Additionally, Van-Catlin will be entitled to attorneys fees in an amount according to proof." In a December 19, 2003 submission, VCC requested an award of $207,981.94, "plus attorneys fees and costs."

[4] All further statutory references are to Civil Code section 3260.

*bona fide* dispute."[5] It was on this basis—the arbitrator's failure to apply case law interpreting a statute—that the court "corrected" the award to strike the attorney fees. The court's ruling was unauthorized. If the arbitrator did indeed overlook or misread *Darling*—and even if he incorrectly interpreted or applied section 3260, the statute construed in *Darling*—it would have amounted to an error of law, not an act exceeding his powers. The award was therefore not subject to judicial review, and the court's ruling cannot be upheld.

█ We further conclude that the arbitrator correctly applied section 3260. That statute generally requires an owner who has withheld payment from a contractor pending completion of a construction project to release the retention proceeds within 45 days after completion of the project. However, "[i]n the event of a dispute between the owner and the original contractor, the owner may withhold from the final payment an amount not to exceed 150 percent of the disputed amount." (§ 3260, subd. (c).) If the contractor completes any work in dispute, the owner has 10 days from receiving notice of that completion to accept or reject the work. If the owner accepts the work, he or she must release the remaining retention proceeds. (§ 3260, subd. (f).)

█ The provision under scrutiny in this case is subdivision (g) of section 3260. That paragraph requires an owner who withholds payment on a construction contract beyond the specified time limits to "be subject to a charge of 2 percent per month on the improperly withheld amount, in lieu of any interest otherwise due." Immediately following that sentence is the following sentence: "Additionally, in any action for the collection of funds wrongfully withheld, the prevailing party shall be entitled to his or her attorney's fees and costs." (§ 3260, subd. (g).)

We see no ambiguity or vagueness in this language. It plainly imposes a penalty on an owner for wrongfully withholding money due a contractor. If the funds are *not* wrongfully withheld, the owner will prevail in the contractor's action to recover them. Having prevailed, the owner then "shall be entitled to his or her attorney's fees and costs." (§ 3260, subd. (g).) There is

---

[5] The *Darling* case involved a subcontractor who sued to recover retention proceeds from a general contractor. The Second District, Division 4, held that section 3260 permitted attorney fees to be awarded "only in cases in which the retention payments are not made within the required time periods, i.e., where a bona fide dispute does not exist." (*Denver D. Darling, Inc. v. Controlled Environments Construction, Inc., supra,* 89 Cal.App.4th at p. 1241.) The court reasoned that "if the Legislature had intended to provide for an award of attorney fees to the prevailing party in every action for collection of retention funds, the provision would have been placed in a separate paragraph." (*Ibid.*) Although the appellate court regarded the controversy before it as a bona fide dispute, it remanded the case for a determination of whether the contractor had withheld an excessive amount of the retention proceeds.

no condition imposed on such a recovery by the owner that the dispute be in bad faith. Indeed, as we will explain, such a condition would make no sense.

 The "bona fide dispute" requirement, which is contained in section 3260, subdivision (e), refers to a dispute between the original contractor and a subcontractor who is demanding his or her share of the retention proceeds. As in subdivision (c), the contractor may withhold up to 150 percent of the estimated value of the disputed amount, subject to the 2 percent penalty contained in subdivision (g). If there is a bona fide dispute between them, then, under *Darling*, the contractor is exempt from the penalty. That conclusion is consistent with the statute because the penalty applies to the *improperly* withheld amount. Thus, if the contractor *in good faith* believes the subcontractor's work to be substandard, the contractor may withhold full payment without the fear of a 2 percent penalty for that retention. Conversely, if there is no bona fide dispute between them, then the subcontractor is entitled to not only the 2 percent penalty, but also its attorney fees as the prevailing party. If the contractor in *Darling* had withheld payment to the subcontractor in bad faith, the contractor would have been liable for both the penalty and attorney fees. That much is consistent with the statutory language. It was appropriate to deny attorney fees to the subcontractor in *Darling* because the parties were engaged in a bona fide dispute and thus the contractor was entitled to withhold the subcontractor's portion of the retention proceeds. (*Denver D. Darling, Inc. v. Controlled Environment Construction, Inc., supra,* 9 Cal.4th at pp. 1240–1241.)

However, the *Darling* court's broad language implied that if the *contractor* had been deemed the prevailing party, it too would have been denied attorney fees because it had acted in good faith. The contractor who prevails in an action brought by the subcontractor could then never obtain attorney fees. Such an ironic result not only would be contrary to the plain language of the attorney fee provision in section 3260, subdivision (g), but would render the provision nugatory except in those instances when the party demanding the retained funds prevails against the party wrongfully retaining the funds. If the Legislature had intended only the successful *demanding* party to receive attorney fees, it would have so stated instead of permitting an award to the "prevailing party." There is simply no logical reason to punish the party who was *not* at fault—who *justifiably* retained payment in good faith—by denying that party attorney fees for successfully defending against the other party's action for payment.

 Essentially the same scenario is presented where, as here, an owner prevails against a contractor's demand for the retention proceeds. Even if the "bona fide" attribute from section 3260, subdivision (e) (disputes between subcontractors and contractors) is engrafted onto subdivision (b) (disputes

between owners and contractors),[6] no reasonable inference can be drawn that the Legislature intended to limit recovery of attorney fees to the prevailing contractor after the owner has withheld the retention payment in bad faith. Such a reading of the last sentence of subdivision (g) would contravene the plain language of the provision as well as its evident intent—to enable the "prevailing party"—whoever that turns out to be—to recover attorney fees in "*any* action" to collect wrongfully withheld retention funds. The trial court therefore erred in relying on *Darling* to reject the fee award to the prevailing owners in this case.

### Disposition

The judgment is reversed. The trial court is directed to enter a new judgment that reflects confirmation of the arbitration award in full. Appellants are entitled to their costs on appeal.

Rushing, P. J., and Premo, J., concurred.

---

[6] The Taylors have no difficulty with this interpretation and we have no occasion to question it.