Filed 4/7/23  Ballou v. Verizon Wireless Services CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DE WANA BALLOU, Plaintiff and Appellant, v. VERIZON WIRELESS SERVICES, LLC, Defendant and Respondent. | B324537 (Los Angeles County Super. Ct. No. 21STCV20672) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

DeWana Ballou, in pro. per., for Plaintiff and Appellant.

Goodman Law Firm and Brett B. Goodman for Defendant and Respondent.

_____

Plaintiff and appellant DeWana Ballou (plaintiff) appeals from the judgment confirming an arbitration award against her and in favor of defendant and respondent Verizon Wireless Services, LLC, erroneously sued as Verizon Communications, Inc. (defendant). We affirm the judgment.

## BACKGROUND

**The parties and their arbitration agreement**

Plaintiff contracted with defendant to receive cellular telephone services. When plaintiff upgraded her service plan with defendant in July 2011, she accepted the terms and conditions of defendant's customer agreement. The customer agreement included a provision requiring resolution of any dispute between the parties either by arbitration or in small claims court.[1]

---

[1] The arbitration provision states in relevant part: "How Do I Resolve Disputes with Verizon Wireless? [¶] . . . [¶] YOU AND VERIZON WIRELESS BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT. . . . WE ALSO BOTH AGREE THAT: [¶] (1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. EXCEPT FOR SMALL CLAIMS COURT CASES THAT QUALIFY, ANY DISPUTE THAT RESULTS FROM THIS AGREEMENT OR FROM THE SERVICES YOU RECEIVE FROM US (OR FROM ANY ADVERTISING FOR ANY PRODUCTS OR SERVICES) WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ('AAA') OR BETTER BUSINESS BUREAU ('BBB'). . . ."

**Plaintiff's first lawsuit and first arbitration**

Plaintiff filed a lawsuit against respondent on June 6, 2018. (Super. Ct. L.A. County, No. BC709034 (the first lawsuit).) Her complaint alleged causes of action for general negligence and intentional tort arising out of defendant's purported "cramming" (the fraudulent practice of adding unauthorized charges to a customer's phone bill) and subsequent disconnection of plaintiff's wireless services in October 2017.

Defendant filed a motion to compel arbitration, which was granted in February 2019. An arbitration hearing was held on October 21, 2020. On November 11, 2020, the arbitrator issued a final award in favor of defendant. The award stated: "Claimant has failed to present sufficient credible evidence to meet her burden of establishing liability as alleged, against Respondent. All of Claimant's claims are denied." The award declared defendant the prevailing party and stated that "[t]his Award is in full settlement of all claims submitted to the Arbitration. All claims not expressly granted herein are hereby denied."

On December 17, 2020, the Los Angeles Superior Court granted defendant's petition to confirm the arbitration award and dismissed plaintiff's complaint with prejudice.

**Plaintiff's second lawsuit and second arbitration**

On June 4, 2021, plaintiff filed a second lawsuit against defendant. (Super. Ct. L.A. County, No. 21STCV20672 (the second lawsuit).) Her complaint asserted causes of action for intentional tort and negligence based on allegations that defendant breached its duty to secure her unlimited wireless data by cramming and then disconnecting her service in October 2017. Defendant again moved to compel arbitration of plaintiff's claims, and the trial court granted that motion on December 9, 2021.

3

Plaintiff thereafter filed a demand for arbitration on January 3, 2022. The parties agreed to appoint the same arbitrator who had presided over the first arbitration.

Defendant responded to the arbitration demand by filing a general denial and a motion to dismiss plaintiff's claims based on the doctrine of res judicata. The arbitrator granted the motion dismiss and issued a final award in defendant's favor on September 12, 2022. The arbitrator found "that both the First Arbitration and the Second Arbitration Demand are premised on identical allegations of cramming, overcharging and data loss, involving Claimant's wireless services going back to 2011 and culminating in 2017." The arbitrator further found that plaintiff's first lawsuit "was dismissed after the Arbitration Award was rendered in the First Arbitration and found in favor of Respondent. For purposes of applying the doctrine of *res judicata* a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." The arbitrator found that plaintiff and defendant were parties to both the first and second arbitrations, and that plaintiff's claims in the second arbitration were barred under the doctrine of res judicata. The arbitrator then granted defendant's motion to dismiss.

The trial court granted defendant's motion to confirm the arbitration award and dismissed plaintiff's second lawsuit with prejudice on November 10, 2022. This appeal followed.

## DISCUSSION

### Applicable law and standard of review

The Federal Arbitration Act (9 U.S.C. § 10 et seq.) (FAA), which governs the parties' arbitration agreement, provides limited grounds for judicial review of an arbitration award.

4

These include circumstances in which the arbitrator acts in excess of his or her authority. (9 U.S.C. § 10(a).)[2]

Plaintiff contends the arbitrator acted in excess of her authority by concluding plaintiff's claims in the second arbitration were identical to those asserted in the first arbitration and were therefore barred by the doctrine of res judicata. We review this contention de novo. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9.) While our review is de novo, the scope of that review is very narrow. (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775 (*Moshonov*).) As a general rule, a court cannot review an arbitrator's decision for errors of fact or law. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 (*Moncharsh*).)

The arbitrator's application of res judicata is a legal determination that is not subject to judicial review. (*Moncharsh, supra,* 3 Cal.4th at pp. 6, 11–12.) Even assuming the arbitrator erred in deciding this issue, the error would not be an act exceeding the arbitrator's authority. "It is for the tribunal in which a claim of res judicata is made to pass on the validity of such a contention, including a determination of the effect of the prior judgment." (*Interinsurance Exchange of Auto. Club v. Bailes* (1963) 219 Cal.App.2d 830, 836; *Durand v. Wilshire Ins. Co.* (1969) 270 Cal.App.2d 58, 60, 63 [when an issue of collateral estoppel is properly before an arbitrator, the arbitrator's decision on the issue, even if erroneous, is not subject to judicial review].)

---

[2] Other grounds for vacating an arbitration award under the FAA are if the award was procured by corruption, fraud, or undue means or there was corruption or misconduct by the arbitrator. (9 U.S.C. § 10(a).)

Any erroneous decision by the arbitrator as to the preclusive effect of the first arbitration on plaintiff's claims in the second arbitration is not an act in excess of her authority because the issues were within the scope of the controversy submitted to her. (*Moshonov, supra*, 22 Cal.4th at pp. 775–776; *Moncharsh, supra*, 3 Cal.4th at p. 28.)

Even assuming the arbitrator's September 12, 2022 decision was based on a misapplication of res judicata principles, the arbitration award is binding. Judicial intervention to correct any purported error in that regard is unavailable. (*Moncharsh, supra*, 3 Cal.4th at p. 10.) The trial court did not err by confirming the September 12, 2022 arbitration award and dismissing with prejudice plaintiff's second lawsuit.

## DISPOSITION

The judgment is affirmed.  Defendant shall recover its costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.


7