NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRIMARY COLOR SYSTEMS
CORPORATION, California corporation,

Plaintiff-Appellant,

v.

HISCOX INSURANCE COMPANY INC.,
an Illinois corporation,

Defendant-Appellee.

No. 23-55199

D.C. No.
8:22-cv-02029-CJC-JDE

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 5, 2024**
Pasadena, California

Before: OWENS, BUMATAY, and MENDOZA, Circuit Judges.

Plaintiff-Appellant Primary Color Systems Corporation ("Primary Color")

appeals from the district court's order granting Defendant-Appellee Hiscox

Insurance Company, Inc.'s ("Hiscox") motion to dismiss pursuant to Federal Rule

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Civil Procedure 12(b)(6) and denying Primary Color's motion for partial summary judgment. Primary Color alleged three claims under California law: (1) breach of an insurance contract between the parties; (2) breach of the implied covenant of good faith and fair dealing; and (3) a claim for declaratory judgment, whereby Primary Color sought a declaration that Hiscox was obligated under the insurance contract to indemnify Primary Color for a one-million-dollar loss that Primary Color sustained in an arbitration against its former employee. As the parties are familiar with the facts, we do not recount them here. We review de novo the district court's dismissal with prejudice of Primary Color's three claims and denial of Primary Color's motion for partial summary judgment, *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *Alaska R.R. Corp. v. Flying Crown Subdivision Addition No. 1 & Addition No. 2 Prop. Owners Ass'n*, 89 F.4th 792, 798 (9th Cir. 2023), and we affirm.

The district court did not err in finding that Hiscox had no contractual obligation to indemnify Primary Color for the one-million-dollar arbitration award that an arbitrator awarded to Vincent Randazzo, Primary Color's former employee, on his fraud claim.[1] Pursuant to the insurance contract between the parties, Hiscox

---

[1] The district court properly considered the insurance contract between Primary Color and Hiscox and the initial arbitration award in favor of Randazzo at the motion to dismiss stage because Primary Color filed both documents as exhibits in support of its complaint and the complaint referred to both documents extensively. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

agreed to indemnify Primary Color for certain covered losses, but the contract expressly excluded coverage for any claim "arising out of, based upon or attributable to the committing of any . . . deliberate fraudulent act if any final adjudication establishes that such . . . deliberate fraudulent act was committed."

The arbitrator expressly held that, "as to Randazzo's Cause of Action for Fraud against Primary Color, . . . Randazzo has met his burden of proof" based on clear evidence that Primary Color "made certain representations to him about his receiving an 'equity interest' in Primary Color with the intent to induce him to stay [with the company], which he did. The evidence also clearly indicates that Primary Color never intended to give him any 'equity' in the company." Under California law, the arbitrator's holding that Randazzo prevailed on his claim for intentional fraud amounts to a final adjudication of that claim and Primary Color was therefore not entitled to indemnification under the insurance contract. *See Haworth v. Superior Ct.*, 50 Cal. 4th 372, 380 (2010) ("[I]t is the general rule that parties to a private arbitration impliedly agree that the arbitrator's decision will be both binding and final." (alteration in original) (quoting *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 9 (1992))); *see also Moshonov v. Walsh*, 22 Cal. 4th 771, 779 (2000) ("Because the disputed issue of contractual interpretation . . . was committed to *final adjudication by the arbitrator*, rather than the courts, we decline, as did the Court of Appeal, to consider the issue's merits." (emphasis

3

added)).  Because the district court correctly held that Primary Color was not entitled to indemnification for the arbitration award in favor of Randazzo, we affirm the district court's dismissal with prejudice of Primary Color's claim for declaratory judgment.[2]

Moreover, Primary Color does not dispute that its claims for breach of contract and the implied covenant of good faith and fair dealing, and its motion for partial summary judgment on the issue of indemnification, rise and fall with its claim for declaratory judgment.  Accordingly, because we hold that the district court did not err in dismissing Primary Color's claim for declaratory judgment, we also affirm the district court's dismissal of Primary Color's other claims, and affirm the district court's denial of Primary Color's motion for partial summary judgment.[3]

**AFFIRMED**.

---

[2] Primary Color argues for the first time on appeal that the district court erred in relying on the arbitration award to determine whether Primary Color was entitled to indemnification under the parties' insurance contract because such reliance violates the California Supreme Court's decision in *Vandenberg v. Superior Court*, 21 Cal. 4th 815 (1999).  But Primary Color forfeited this argument by failing to raise it below and offers no persuasive reason to apply an exception to the rule that "[a] party normally may not press an argument on appeal that it failed to raise in the district court."  *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) (citing *Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir. 2006)).
[3] Primary Color's pending motion for judicial notice is GRANTED.