[No. AO15571. First Dist., Div. One. June 3, 1983.]

THE PEOPLE ex rel. WILLIAM D. CURTIS, as District Attorney, etc.,
Plaintiff and Appellant, v.
WILLIAM G. PETERS, Defendant and Respondent.

[No. AO17889. First Dist., Div. One. June 3, 1983.]

THE PEOPLE ex rel. WILLIAM D. CURTIS, as District Attorney, etc.,
Plaintiff and Respondent, v.
WILLIAM G. PETERS, Defendant and Appellant.

**COUNSEL**

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian and Daniel J. Kremer, Chief Assistant Attorneys General, William D. Stein, Assistant Attorney General, Ann K. Jensen and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Appellant and Plaintiff and Respondent.

Harry J. Delizonna for Defendant and Appellant and Defendant and Respondent.

**OPINION**

**RACANELLI, P. J.—**

*Appeal Number AO 15571*

On October 28, 1980, William D. Curtis, District Attorney for the County of Monterey, brought an action in the public interest in the name of the People of the State of California against defendant William G. Peters, then a member of the Monterey County Planning Commission, to enforce the financial disclosure and reporting requirements of the Political Reform Act of 1974 (Gov. Code, § 81000 et seq.)[1] and the Monterey Conflict of Interest Code applicable to planning commissioners.[2]

In an amended complaint filed February 24, 1981, appellant sought injunctive relief and civil penalties; the gravamen of the several charges relates to the claimed failure of respondent to fully and accurately report certain economic interests and investments in his disclosure statements filed for the years 1977 through 1980. Following an extended trial before an advisory jury, the trial court made findings and conclusions in support of a judgment entered in favor of respondent together with an award for attorneys' fees.

On appeal, appellant challenges the sufficiency of the evidence to support the findings and further claims a denial of a fair trial as a result of a witness exclusion order. Respondent separately appeals from a final order after submission taxing costs relating to the award of attorneys' fees. We have consolidated both appeals.

I

We consider appellant's threshold argument that the trial court committed reversible error in excluding his principal investigator from the courtroom during the trial. For reasons which we explain, we are compelled to agree.

At the outset of trial respondent moved to exclude all witnesses during trial proceedings. (Evid. Code, § 777, subd. (a).) At that point, the prosecutor, Deputy District Attorney Terry Spitz, designated his investigator, Richard

---

[1]Unless otherwise indicated, all statutory references are to the Government Code.

[2]The Conflict of Interest Code was adopted by the Monterey Board of Supervisors in February 1977 under the mandatory provisions of the State Political Reform Act (§§ 87300-87313). A violation of the local Conflict of Interest Code constitutes a violation of the conflicts of interest provisions of the Political Reform Act. (See § 87300.) The annual financial disclosure requirements now expressly apply to members of planning commissions. (§ 87200, as amended by Stats. 1979, ch. 674, § 3.)

Hack, as the officer to be present to assist in the presentation of the case. Respondent objected on the grounds that the rationale permitting a designated officer to be present in a criminal trial did not apply to a civil prosecution and that investigator Hack, as a potential witness, was subject to discretionary exclusion. Relying principally on subdivision (c) of Evidence Code section 777,[3] the prosecutor argued that the People of the State of California as the party plaintiff constituted an artificial entity entitled to be present at trial through "an officer or employee designated by its attorney . . ." (subd. (c)). The prosecutor contended that the presence of investigator Hack, who had supervised the extensive pretrial investigation on behalf of the People and was most familiar with the witnesses expected to testify, was essential in order to assist trial counsel in the presentation of the case including examination of witnesses and unanticipated factual matters which might arise during progress of the trial. To exclude the investigating officer designated on behalf of the People while recognizing the adversary party's right to be present to assist in his defense (see subd. (b)) would, it was argued, work a manifest injustice on the People.

Upon conclusion of the argument, the trial court sustained respondent's objection on the theory that the action brought by the district attorney as a "natural person" did not come within the purview of subdivision (c). Accordingly, the trial court granted respondent's motion expressly excluding investigator Hack from being present during testimony or otherwise participating at trial except to the limited extent of relaying messages and conveying information to the prosecutor.

## II

Under the enforcement provisions of the Political Reform Act, a failure to comply with the reporting requirements subjects the public official to civil liability in an action "brought by the civil prosecutor or by a person residing within the jurisdiction. . . ." (§ 91004; see also § 91005.)[4] But the primary duty of enforcement rests upon the civil prosecutor, which includes the district attorney with respect to any agency other than state or city agencies (§ 91001, subd. (b);[5] see also § 91001.5 [city attorney may also act as civil prosecutor]).

---

[3]Section 777 provides: "(a) Subject to subdivisions (b) and (c), the court may exclude from the courtroom any witness not at the time under examination so that such witness cannot hear the testimony of other witnesses.

"(b) A party to the action cannot be excluded under this section.

"(c) If a person other than a natural person is a party to the action, an officer or employee designated by its attorney is entitled to be present."

[4]A private person must first file a request that the civil prosecutor commence the action including a statement of the grounds; the civil prosecutor's affirmative indication of intent to file a civil action within the prescribed period forecloses any other action. (§ 91007.)

[5]Subdivision (b) provides in pertinent part: "(b) The civil prosecutor is primarily responsible for enforcement of the civil penalties and remedies of this title. The civil prosecutor is the commission with respect to the state or any state agency, except itself. The Attorney General is the

Any monetary recovery in an action instituted by the civil prosecutor must be paid over to the public treasury (§ 91009).[6]

Clearly, the statutory design contemplates that the designated state and local law enforcement officers acting in their official capacities are charged with the duty to oversee the enforcement of the Political Reform Act on behalf of the public interest. Contrary to respondent's contention, the relevant statutory provisions do not create a *personal* cause of action in favor of the prosecuting officials. A key legislative finding underpinning the Political Reform Act focuses upon the need to assure the impartial performance of public duties uninfluenced by financial considerations (§ 81001, subd. (b)); and a related legislative goal to avoid conflicts of interests requires financial disclosures by public officials in order to determine whether grounds for disqualification exist. (§ 81002, subd. (d).) The statutory scheme enables the public interest to be served by assuring the faithful and impartial performance of duties entrusted to elected and appointed public officials (*County of Nevada* v. *MacMillen* (1974) 11 Cal.3d 662, 673, 674 [114 Cal.Rptr. 345, 522 P.2d 1345] [upholding 1973 Moscone Act]); it is that trust which is sought to be safeguarded and subjected to potential abuse whenever a public official fails to disclose activities and interests which might influence or compromise the performance of official duty. (*Hays* v. *Wood* (1979) 25 Cal.3d 772, 782 [160 Cal.Rptr. 102, 603 P.2d 19]; cf. *People* v. *Harby* (1942) 51 Cal.App.2d 759, 772-773 [125 P.2d 874].)

Subdivision (b) of section 91001 implements the legislative intent to provide "[a]dequate enforcement mechanisms . . ." to enable vigorous enforcement of the Political Reform Act. (§ 81002, subd. (g).) ██ Institution of the underlying action by "the People of the State of California ex rel.[7] William D. Curtis, District Attorney" effectuates the legislative purpose of enforcement on behalf of the public through the district attorney acting in his official capacity as the civil prosecutor. It is the People of the State of California, not the district attorney, who is the party to the action. Such public entity as an artificial "person" (see Evid. Code, § 175) is clearly entitled to be present through its designated officer within the meaning of Evidence Code section 777, subdivision (c) and is expressly exempt from exclusion by the court. (See *Lauricella* v. *Lauricella* (1911) 161 Cal. 61, 70 [118 P. 430] [discussing substantially similar language formerly contained in Code Civ. Proc., § 2043,

---

civil prosecutor with respect to the commission. The district attorneys are the civil prosecutors with respect to any other agency. The civil prosecutor may bring any civil action under this title which could be brought by a voter or resident of the jurisdiction."

[6]In the case of a privately instituted action, one-half of the recovery may be retained by the private citizen and one-half paid to the appropriate public treasury (§ 91009).

[7]"Ex rel." is a commonly used abbreviation for the Latin phrase "Ex relatione" connoting legal proceedings instituted by the Attorney General or other appropriate person in the name of the state on information and at the instigation of a private individual. (See Black's Law Dict. (4th ed.) p. 663.)

the predecessor to Evid. Code, § 777]; cf. *Pedrow* v. *Federoff* (1926) 77 Cal.App. 164, 174 [247 P. 212].) This construction finds support in the official comment to section 777 by the Law Revision Commission: "Under the existing law, the judge may not exclude a party to an action. If the party is a corporation, an officer designated by its attorney is entitled to be present. Section 777 permits the right of presence to be exercised by an employee as well as an officer. Also, *because there is little practical distinction between corporations and other artificial entities and organizations, Section 777 extends the right of presence to all artificial parties.*" (Italics added.)

We conclude that the People of the State of California as a party to the action were entitled to the presence of the investigating officer designated by its attorney, the civil prosecutor. Accordingly, the trial court's order excluding the designated officer in violation of the statutory guarantee constituted error.

But the very nature of such error renders it difficult to assess its prejudicial impact. The lengthy trial involved complex factual and legal issues dealing with respondent's business transactions and personal activities during the years in question. The evidence adduced included the testimony of a large number of witnesses and voluminous documentary exhibits, some of which was in sharp conflict. The case was vigorously prosecuted and defended in an atmosphere charged with political implication and recrimination.[8]

We can only speculate as to what effect the erroneous order played in the civil prosecutor's ability to fully and fairly represent the People in prosecuting the action. Unquestionably, he was at a serious tactical disadvantage in being deprived of the assistance of the informed investigator in assessing the effects of witnesses' testimony and suggesting areas which should be probed, sifting through the documentary evidence in determining its significance and materiality and otherwise providing useful information to guide the prosecutor in the conduct of his case.

The fact that the proceeding is civil in nature[9] should not denigrate the People's fundamental right to the presence of its designated officer as provided by the statute in order to perform the same advisory role traditionally permitted in criminal prosecutions. (See e.g., *People* v. *Boyden* (1953) 116 Cal.App.2d 278,

---

[8]At one point respondent's trial counsel called the district attorney as a witness and inquired whether the suit was politically motivated because of the witness' support of the opposing candidate in the hotly contested county board of supervisor's race eventually won by respondent. Counsel thereafter sought to impeach the district attorney's testimony through a deputy sheriff who later testified to a conversation in which the district attorney suggested that the election of respondent's opponent would be "good" for its law enforcement association.

[9]Parenthetically, we note that the wilful violation of the same provisions of the Political Reform Act is subject to criminal prosecution. (See sections 91000; 91001, subdivision (a).)

283-284 [253 P.2d 773]; *People* v. *Oliver* (1908) 7 Cal.App. 601, 604-605 [95 P. 172].)

In a parallel context we have held that a trial court's failure to comply with statutory requirements concerning instructions communicated in the course of jury deliberations compromised the accused's right to the presence of counsel at a critical stage, giving rise to a presumption of prejudice under federal standards as a result of such error. (See *People* v. *Dagnino* (1978) 80 Cal.App.3d 981, 988-990 [146 Cal.Rptr. 129] (cited with approval in *People* v. *Hogan* (1982) 31 Cal.3d 815, 849-850 [183 Cal.Rptr. 817, 647 P.2d 93] [opn. by Chief Justice Bird]).) As in *Dagnino,* we cannot engage in "nice calculations" in order to determine whether such manifest procedural error was harmless (*id.* at p. 989). Limited to the cold record before us, we have no rational basis for concluding that the absence of such error would not have affected the outcome of the trial; under such circumstances we cannot declare that the denial of the statutory right to be present and actively participate at trial did not amount to a miscarriage of justice within the meaning of California Constitution, article VI, section 13; accordingly the judgment must be reversed. (Cf. *People* v. *Spearman* (1979) 25 Cal.3d 107, 119 [157 Cal.Rptr. 883, 599 P.2d 74].)

In view of our determination requiring reversal, it is unnecessary to discuss appellant's remaining claim on appeal.

### Appeal Number 17889

In action number AO 17889, respondent and appellant Peters challenges the order apportioning costs and attorneys' fees to which he is entitled as the prevailing party (see § 91012). Since the underlying judgment must be reversed, that question becomes moot.

### Disposition

In action number 15571, the judgment is reversed; the appeal in action number 17889 is dismissed as being moot.

Elkington, J., and Newsom, J., concurred.

The petition of defendant and respondent for a hearing by the Supreme Court was denied July 27, 1983. Bird, C. J., did not participate therein.