[No. B219940. Second Dist., Div. Two. Dec. 7, 2010.]

HOSO FOODS, INC., Plaintiff and Respondent, v. COLUMBUS CLUB, INC., Defendant and Appellant.

COUNSEL

Seyfarth Shaw, Aaron R. Lubeley, Daniel M. Hargis; Law Offices of Mark E. Goodfriend and Mark E. Goodfriend for Defendant and Appellant.

Kirakosian & Associates, Leon Kirakosian, Silva Berejian and Edward J. Horowitz for Plaintiff and Respondent.

OPINION

**DOI TODD, J.**—Defendant and appellant Columbus Club, Inc., entered into an agreement to lease an assembly hall to plaintiff and respondent Hoso Foods, Inc. (Hoso). When Hoso learned that city ordinances precluded it from

using the hall for catered events as it had intended, it filed a complaint against appellant alleging claims including breach of contract and fraud. According to Hoso, appellant knew about the restrictive ordinances, did not disclose them to Hoso and made affirmative representations that contradicted the ordinances. The parties agreed to arbitrate their claims and the arbitrator found in favor of Hoso, awarding it over $1.2 million. The trial court confirmed the award, rejecting appellant's arguments that the arbitrator exceeded his authority in making the award and conducting the arbitration.

We reverse. The award must be vacated pursuant to Code of Civil Procedure section 1286.2, subdivision (a)(4), because the arbitrator exceeded his powers by limiting appellant's representation at the arbitration to an individual who had been sued personally, was not appellant's choice of representative, was not involved in significant aspects of the transaction and was dismissed from the action at the conclusion of the hearing. The arbitrator's conduct deprived appellant of a fair hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant is a nonprofit California corporation affiliated with the Knights of Columbus Glendale Council, a philanthropic Catholic men's association. As the Knights of Columbus rules prohibit a council from owning property, appellant was formed approximately 60 years ago to own and operate an assembly hall (Hall) located in the City of Glendale. Hoso is a California corporation that operates as a catering and banquet business.

In March 2002, appellant and Hoso entered into a written lease agreement whereby Hoso agreed to lease the Hall from appellant. The parties executed a standard industrial lease together with a 26-point addendum (Lease). In May 2002, the parties entered into two additional Lease addenda—the first being a personal guaranty by Hoso indemnifying appellant for $75,000 of work to be performed on the premises, and the second reflecting a temporary reduction in rent pending the construction. Daniel Rodela, appellant's president, signed the Lease and addenda on appellant's behalf.

In the Lease, appellant warranted "that the Premises, in its state existing on the date that the Lease term commences, but without regard to the use for which Lessee will use the Premises, does not violate any covenants or restrictions of record, or any applicable building code, regulation or ordinance in effect on such Lease term commencement date." Hoso intended to remodel the interior and exterior of the Hall in order to use it for catered events. In several different provisions of the Lease, Hoso acknowledged that it assumed responsibility for complying with all applicable laws and regulations in connection with its intended use of the Hall. For example, paragraph 6.3(b) of

the Lease provided: "Lessee hereby accepts the Premises . . . subject to all applicable zoning, municipal, county and state laws, ordinances and regulations governing and regulating the use of the Premises, and any covenants or restrictions of record . . . . Lessee acknowledges that neither Lessor nor Lessor's agent has made any representation or warranty as to the present or future suitability of the Premises for the conduct of Lessee's business." Hoso further acknowledged that it "assume[d] all responsibility regarding the Occupational Safety Health Act, the legal use and adaptability of the Premises and the compliance thereof with all applicable laws and regulations in effect during the term of this Lease except as otherwise specifically stated in this Lease." Hoso also agreed "to abide with the Alcohol Beverage Control laws regarding the dispensing of liquor" and that "[a]ny disagreements with the Alcohol Beverage Control Board caused by [the] lessee, and any parking noise violation will be the sole responsibility of the lessee."

According to Hoso, notwithstanding these provisions, during the Lease negotiations appellant represented that there were no time or other restrictions on the Hall, even though it knew or should have known that the Glendale Municipal Code precluded that location from being leased for the purpose of conducting a banquet hall and remaining open to the public past midnight. Moreover, appellant failed to disclose that Hoso could not operate using appellant's existing liquor license. After the Lease was signed, Hoso made numerous improvements to the Hall with appellant's knowledge. But when Hoso held its first catered event in February 2004, Glendale police officers informed it that the Hall could not be operated after 12:30 a.m. Hoso then learned that it could not operate using appellant's liquor license. The parties were unsuccessful in obtaining a variance and, ultimately, Hoso was unable to use the Hall for its intended purpose.

Hoso filed its initial complaint against appellant and Rodela in April 2005 and the operative first amended complaint in June 2005; it alleged causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, conspiracy, intentional misrepresentation, concealment, rescission and fraud. It sought $310,000 damages for remodeling the Hall and suffering a loss of business, plus general and other damages according to proof. Appellant and Rodela answered, specifically denying the allegations and asserting multiple affirmative defenses.

In October 2007, the parties stipulated to submit the matter to binding arbitration and, in turn, vacate the November 2007 trial date. According to appellant, as a condition of arbitration, Hoso's counsel verbally agreed to dismiss Rodela from the action. Hoso's counsel, however, later averred that although there were discussions concerning Rodela's dismissal, "[n]o such language is contained in said Stipulation and there was never a conclusive

agreement to that effect between the parties." The matter was arbitrated by Retired Judge Richard C. Hubbell over the course of four days in December 2008. Hoso presented its case during the first three of four days of arbitration the parties had reserved, and appellant presented its case on the last day, without seeking to extend the arbitration period.

During the arbitration, Rodela was the only representative permitted to participate in the proceedings on appellant's behalf. He was not dismissed from the action until after his testimony on the last day of the arbitration. Witnesses on Hoso's behalf testified that during Lease negotiations appellant represented Hoso could lease the Hall without any restrictions on appellant's liquor license and without any restrictions on the duration of time of each event. Appellant's representatives testified that they were unaware of the liquor license restrictions and did not recall discussing the time restrictions. An expert for Hoso presented a report that calculated $1,212,733 as Hoso's net loss of profits from January 2004 to December 2007. The arbitrator overruled appellant's objection to the report, which was based on Hoso's failure to disclose the document as part of its exhibit exchange preceding the arbitration.

The arbitrator issued his award on January 26, 2009, ruling in favor of Hoso on all claims except conspiracy and rescission. He awarded Hoso $342,662 for reconstruction of the premises, $808,467 for loss of earnings, $78,178 for attorney fees and $33,828 for costs and expenses, for a total of $1,263,135.

In April 2009, Hoso filed a petition to confirm the arbitration award. Concurrently, appellant filed a petition to vacate the award. It argued that the arbitrator exceeded his powers by awarding inconsistent and mutually exclusive remedies, impermissibly enforcing an illegal contract, and conducting a procedurally unfair arbitration by excluding any party representative except Rodela and unfairly limiting appellant in the presentation of its case. The parties opposed each other's petitions.

Following a hearing on both petitions, the trial court granted the petition to confirm and denied the petition to vacate the award. It found that appellant failed to establish any ground under Code of Civil Procedure section 1286.2[1] to vacate the award. It ruled that the arbitrator neither enforced an illegal contract nor exceeded his powers in view of his finding that Hoso had established its fraud claims. According to the trial court: "Since the arbitrator found that the Plaintiff had established its fraud claims, the arbitrator did not

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

exceed his power by awarding out-of-pocket and benefit-of-the-bargain damages. Further, there are no grounds to find that the arbitrator was enforcing an illegal contract when he awarded damages for fraud." The trial court further found that appellant failed to establish the arbitration proceedings were procedurally and fundamentally defective and unfair.

This appeal followed.

## DISCUSSION

I.   *General Arbitration Principles and Standard of Review.*

■   California maintains a "strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution. [Citations.]" (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251].) Because of this important .public policy, arbitration awards are generally subject to extremely narrow judicial review. Courts will not review the merits of the controversy, the validity of the arbitrator's reasoning or the sufficiency of the evidence supporting the arbitrator's award. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 [10 Cal.Rptr.2d 183, 832 P.2d 899] (*Moncharsh*); accord, *Luster v. Collins* (1993) 15 Cal.App.4th 1338, 1344–1345 [19 Cal.Rptr.2d 215].)

■   Typically, an arbitrator's errors of fact or law are not reviewable. "When parties contract to resolve their disputes by private arbitration, their agreement ordinarily contemplates that the arbitrator will have the power to decide any question of contract interpretation, historical fact or general law necessary, in the arbitrator's understanding of the case, to reach a decision. [Citations.] Inherent in that power is the possibility the arbitrator may err in deciding some aspect of the case. Arbitrators do not ordinarily exceed their contractually created powers simply by reaching an erroneous conclusion on a contested issue of law or fact, and arbitral awards may not ordinarily be vacated because of such error, for ' "[t]he arbitrator's resolution of these issues is what the parties bargained for in the arbitration agreement." ' [Citation.]" (*Gueyffier v. Ann Summers, Ltd.* (2008) 43 Cal.4th 1179, 1184 [77 Cal.Rptr.3d 613, 184 P.3d 739]; accord, *Moncharsh, supra*, 3 Cal.4th at p. 12.) Moreover, consistent with the fundamental nature of the arbitration process, arbitrators may apply both legal and equitable principles and, unless specifically required to act in conformity with the rules of law, may act contrary to substantive law and base their decisions upon broad principles of justice and equity. (*Moncharsh, supra*, at pp. 10–11; *Sapp v. Barenfeld* (1949) 34 Cal.2d 515, 523 [212 P.2d 233]; *Woodard v. Southern Cal. Permanente Medical Group* (1985) 171 Cal.App.3d 656, 662 [217 Cal.Rptr. 514].)

The statutory safety valve for awards that are the product of procedural irregularities is section 1286.2. (*Moncharsh, supra*, 3 Cal.4th at p. 33; *Hall v. Superior Court* (1993) 18 Cal.App.4th 427, 438–439 [22 Cal.Rptr.2d 376].) Pertinent here, that statute provides that "[s]ubject to Section 1286.4, the court shall vacate the award if the court determines . . . [¶] . . . [¶] . . . [t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (§ 1286.2, subd. (a)(4).) Whether an arbitrator exceeded his authority is a question of law we review de novo. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9 [36 Cal.Rptr.2d 581, 885 P.2d 994]; *O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1056 [9 Cal.Rptr.3d 286]; *Creative Plastering, Inc. v. Hedley Builders, Inc.* (1993) 19 Cal.App.4th 1662, 1666 [24 Cal.Rptr.2d 216].)

II.  *The Arbitrator Exceeded His Authority by Precluding Appellant from Having an Independent Representative Present During the Arbitration.*

█  Appellant challenges the confirmation of the arbitration award on several grounds, most of which are unreviewable according to the principles outlined above. For example, the arbitrator's interpretation of the Lease, finding of fraud, and award of damages are not subject to judicial review. (*Moncharsh, supra*, 3 Cal.4th at p. 11.) " 'Unless one of the enumerated grounds [under section 1286.2] exists, a court may not vacate an award even if it contains a legal or factual error on its face which results in substantial injustice.' [Citation.] An arbitrator does not exceed his or her powers by making a legal or factual error or by giving erroneous reasons for an award. [Citations.]" (*Harris v. Sandro* (2002) 96 Cal.App.4th 1310, 1313 [117 Cal.Rptr.2d 910].)

On the other hand, arbitration procedures that interfere with a party's right to a fair hearing are reviewable on appeal. As explained in *Azteca Construction, Inc. v. ADR Consulting, Inc.* (2004) 121 Cal.App.4th 1156, 1165 [18 Cal.Rptr.3d 142]: "Precisely because arbitrators wield such mighty and largely unchecked power, the Legislature has taken an increasingly more active role in protecting the fairness of the process. [Citation.]" (See also *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 395 [112 Cal.Rptr.3d 853, 235 P.3d 152] (dis. opn. of Werdegar, J.) [explaining that while the finality of arbitration awards is an important principle, "[a]n equally vital principle, however, is that with such limited judicial review the arbitration system must have—and must be seen to have—sufficient integrity that parties can be confident they will receive a fair hearing and an impartial decision from the arbitrator"].) Because the rules of evidence and judicial procedure do not apply to arbitration proceedings absent the parties' agreement, "[a]rbitration procedures violate the common law right to a fair hearing 'only in the

clearest of cases, i.e., when the applicable procedures essentially preclude the possibility of a fair hearing.' [Citation.]" (*Sanchez v. Western Pizza Enterprises, Inc.* (2009) 172 Cal.App.4th 154, 177 [90 Cal.Rptr.3d 818].)

In this action, Hoso brought all its claims against both appellant and Rodela individually. Though it is disputed whether a "conclusive agreement" was reached, the parties discussed that Hoso would dismiss Rodela from the action as a condition of appellant's agreement to submit the matter to binding arbitration. Though appellant's counsel requested Rodela's dismissal when the arbitration commenced, Hoso's counsel stated that he wanted to hear Rodela's testimony before he would consider agreeing to dismiss him. Over appellant's counsel's objection, Rodela remained as a party in the action throughout the arbitration proceedings until the arbitrator dismissed him on the final day of the arbitration after he testified. Throughout the arbitration, Rodela was the only individual permitted to participate in the proceedings on appellant's behalf. Notwithstanding appellant's desire to have a representative other than Rodela, no other individual was permitted to represent appellant during the arbitration. Specifically, Eugene Tefft, appellant's secretary who participated in the Lease negotiations on appellant's behalf but was not named in the action as an individual, was precluded from attending the arbitration except when he testified on the last day of the proceedings.

We conclude that the arbitrator exceeded his powers by limiting appellant to Rodela as its representative during the arbitration proceedings and that the limitation precluded the possibility of appellant receiving a fair hearing. Nothing in either the Code of Civil Procedure provisions governing arbitration proceedings or the American Arbitration Association's (AAA) Commercial Arbitration Rules suggests that an arbitrator has the power to preclude a corporate party from designating a representative to attend the arbitration proceedings. To the contrary, section 1282.2, subdivision (d), provides that "[t]he parties to the arbitration are entitled to be heard, to present evidence and to cross-examine witnesses appearing at the hearing . . . ." More to the point, rule 23 of the AAA Commercial Arbitration Rules (rule 23) restricts the arbitrator's ability to exclude a party from the proceedings, providing: "Any person having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person other than a party and its representatives."[2] Rule 23 stands for the proposition that an arbitrator

---

[2] Although the parties' stipulation to arbitrate does not specify that the AAA Commercial Arbitration Rules applied to the proceedings, appellant's counsel declared that he recalled those rules governed and Hoso offered no evidence to the contrary. Moreover, rule 1 of the AAA Commercial Arbitration Rules provides that "[t]he parties shall be deemed to have made

lacks the power to preclude a party or its representative from attending the arbitration. (See also 2 Domke on Commercial Arbitration, Arbitration Hearings (3d ed. 2010) Conduct of Hearings, ch. 29, § 29:7, p. 29-10 [confirming that parties cannot be excluded from an arbitration proceeding and commenting that those "having an interest in the arbitration should, as a principle, not be excluded, unless both parties wish to keep them out"].)

The record established that appellant was prevented from having a representative other than Rodela attend the arbitration. Both appellant's counsel and Tefft declared that no one other than Rodela was permitted to attend the arbitration on appellant's behalf. Tefft specifically declared: "I was not allowed to be present during any actual proceedings except when I testified in the afternoon on the fourth day of the arbitration. Nor was anyone else from the Columbus Club allowed to be present during the arbitration." By precluding appellant from having its own representative attend the arbitration, the arbitrator exceeded the authority accorded him under rule 23.

■ We reject Hoso's contention that the arbitrator's conduct amounted to an unreviewable misapplication of the law. (See, e.g., *Marsch v. Williams* (1994) 23 Cal.App.4th 238, 244 [28 Cal.Rptr.2d 402] ["Even where application of a particular law or body of law is required by the parties' arbitration agreement, an arbitrator's failure to apply such a law is not in excess of an arbitrator's powers within the meaning of section 1286.2, subdivision (d)."].) Notwithstanding the limits on review of arbitration awards, "California law allows a court to correct or vacate a contractual arbitration award if the arbitrators 'exceeded their powers.' [Citations.]" (*Advanced Micro Devices, Inc. v. Intel Corp., supra,* 9 Cal.4th at p. 366.) In *Azteca Construction, Inc. v. ADR Consulting, Inc., supra,* 121 Cal.App.4th at page 1165, the court distinguished matters that are unreviewable, including "the validity of an arbitrator's reasoning or the sufficiency of the evidence to support the award," from reviewable matters that involve the fairness of the arbitration process, including the question of whether an arbitrator exceeded his or her powers as specified in section 1286.2, subdivision (a)(4). An arbitrator exceeds his powers where he acts without statutory or contractual authority. (See *Luster v. Collins, supra,* 15 Cal.App.4th at p. 1350 ["Because the arbitrator did not have the statutory power nor the parties' agreement to compel compliance with his orders by imposing monetary sanctions for Collins's future violations of the award, the arbitrator acted outside his authority in imposing $50 daily sanctions for future violations of his orders."].) Here, similarly, the arbitrator acted in excess of his authority because no statute authorized the exclusion of appellant's representative and rule 23—necessarily incorporated into the

these rules a part of their arbitration agreement whenever they have provided for arbitration by the [AAA] under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules."

parties' agreement to arbitrate—expressly restricted the arbitrator's authority to exclude a party representative.

Nor are we persuaded that the arbitrator's conduct is unreviewable because there is no evidence in the record that appellant formally moved to request the presence of a representative in addition to Rodela. Again, nothing in either the statutes or applicable rules governing arbitration proceedings mandates that such a motion be made. Rather, rule 23 accords "[a]ny person having a direct interest in the arbitration" the entitlement to attend the arbitration proceedings. Moreover, the undisputed evidence in the record demonstrated that the arbitrator limited the arbitration participants. Appellant's counsel declared that beyond Rodela "no other officer or representative of Columbus Club was permitted to participate in or observe the proceedings other than during each person's own testimony." Consistent with counsel's declaration, Tefft averred that no one "else from the Columbus Club [was] allowed to be present during the arbitration," even though "[t]he Columbus Club wanted someone other than Mr. Rodela present during the arbitration." The logical inference we draw from Tefft's declaration is that the only way he would not have been "allowed" to be present is if the arbitrator excluded him.

The arbitrator's conduct prejudiced appellant, as limiting appellant to Rodela as its representative operated to deny appellant a fair hearing. (See *Graham v. Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 826, fn. 23 [171 Cal.Rptr. 604, 623 P.2d 165] [petition to vacate is proper where, in the course of arbitration proceedings, a party is "denied a fair opportunity to present his position"].) Although neither we nor the parties were able to locate any decisions construing the effect of a violation of rule 23, case law interpreting Evidence Code section 777 provides some guidance.[3] Significantly, in *People ex rel. Curtis v. Peters* (1983) 143 Cal.App.3d 597, 603 [192 Cal.Rptr. 70] (*Curtis*), the court declared that a presumption of prejudice arose from the trial court's exclusion of the state's chosen representative during a civil trial. There, over the state's objection, the trial court excluded its principal investigator, concluding that the state was not entitled to be represented through any particular individual. (*Id.* at p. 601.) Reversing, the *Curtis* court explained that a "public entity as an artificial 'person' (see Evid. Code, § 175) is clearly entitled to be present through its designated officer within the meaning of Evidence Code section 777, subdivision (c) and is expressly exempt from exclusion by the court." (*Curtis, supra,* at p. 601.) Although acknowledging that the error plainly resulted in the state's having a serious

---

[3] Evidence Code section 777 provides: "(a) Subject to subdivisions (b) and (c), the court may exclude from the courtroom any witness not at the time under examination so that such witness cannot hear the testimony of other witnesses. [¶] (b) A party to the action cannot be excluded under this section. [¶] (c) If a person other than a natural person is a party to the action, an officer or employee designated by its attorney is entitled to be present."

tactical disadvantage, the *Curtis* court determined that measuring the full effect of the error would involve speculation. (*Id.* at p. 602.) In view of the evident yet difficult-to-measure prejudice resulting from the representative's exclusion, the court stated that "we have no rational basis for concluding that the absence of such error would not have affected the outcome of the trial; under such circumstances we cannot declare that the denial of the statutory right to be present and actively participate at trial did not amount to a miscarriage of justice within the meaning of California Constitution, article VI, section 13; accordingly the judgment must be reversed. [Citation.]" (*Id.* at p. 603.)

Here, likewise, appellant suffered obvious prejudice from the absence of an independent representative. Hoso's representative, Hovsep Kvryan, testified that at some point during the approximate one-year Lease negotiations, "Defendant and Defendant's Representatives" told him that Hoso could lease the premises without any liquor license restrictions or restrictions on the duration of time for each event. Although Rodela signed the Lease on appellant's behalf, he testified that he was not involved in drafting the Lease or the Lease addenda. Rodela therefore had no way to dispute Kvryan's testimony or to assist counsel in cross-examining Kvryan. Indeed, Rodela failed to recall any conversations with Hoso about the use of the liquor license or time restrictions on catered events. Rodela testified that Tefft was the most knowledgeable individual about the Lease. Consistent with Rodela's testimony, Tefft testified that he drafted the Lease and the addenda. He also testified that he was present at all Lease negotiations and was unaware of any restrictions on the transfer of appellant's liquor license.

Mindful of the principle that an arbitration procedure violates a party's right to a fair hearing under extremely limited circumstances—that is, when the procedure " 'essentially preclude[s] the possibility of a fair hearing,' " we conclude that the arbitrator's exclusion of any representative beyond Rodela precluded appellant from receiving a fair hearing. (*Sanchez v. Western Pizza Enterprises, Inc., supra,* 172 Cal.App.4th at p. 177.) Rodela had neither the knowledge nor the incentive to effectively represent appellant's interests at the arbitration. Under these circumstances, we may presume that appellant suffered prejudice from the absence of an independent representative. (*Curtis, supra,* 143 Cal.App.3d at p. 603.)

For these reasons, the motion to confirm the arbitration award should have been denied and the motion to vacate should have been granted.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to vacate the order confirming the arbitration award, to grant the

motion to vacate the award and to consider any request by the parties to take further action in a manner not inconsistent with the views expressed in this opinion. Appellant is entitled to its costs on appeal.

Boren, P. J., concurred.

**CHAVEZ, J.,** Dissenting.—I dissent.

The majority concludes that the arbitrator exceeded his authority by precluding appellant from having an independent representative present during the arbitration hearing as the basis for reversing the trial court's order confirming the arbitration and the order denying the request to vacate that award. I disagree with the majority both in the inferences drawn from the limited record and in their determination that those inferences are sufficient to support their conclusion.

As the majority correctly notes, ordinarily errors of fact or law made by an arbitrator are not reviewable and a court may not vacate an award that it disagrees with or believes is erroneous. (*Gueyffier v. Ann Summers, Ltd.* (2008) 43 Cal.4th 1179, 1184 [77 Cal.Rptr.3d 613, 184 P.3d 739].) While they conclude that here the arbitrator exceeded his authority, in my view the exclusion of all representatives of appellant, other than Daniel Rodela, from the arbitration hearing is at most an error of law which does not rise to the level of an act in excess of the power of the arbitrator, and is more likely not an error at all.

There is no dispute that at the time of the arbitration hearing, Rodela was the president of appellant and named as an individual defendant who attended the arbitration hearing with Attorney Steven L. Szocs, counsel for both appellant and Rodela. Indeed Rodela had signed the stipulation to participate in binding arbitration twice, once on behalf of appellant and once on behalf of himself. However there is a question in the record whether there was ever a request that someone other than Rodela attend the hearing as the representative of appellant or whether there was merely a standard order excluding witnesses from the testimony of other witnesses during the hearing.

While it is unclear what procedural rules controlled the arbitration hearing,[1] under either the American Arbitration Association Commercial Arbitration Rules, rule 23, or Evidence Code section 777, a corporate party is properly represented in an action by an officer or other employee as designated by its attorney. Here, Rodela was present for the hearing in both his

---

[1] The only definitive statement found in the record is from Attorney Szocs's declaration that it was his "recollection and belief . . . that the arbitration proceeded under the rules set forth by the American Arbitration Association."

individual and corporate capacities. The only evidence that someone else should have been there instead of Rodela comes from the declaration of Eugene Tefft (Tefft) filed in the trial court as part of appellant's opposition to the petition to confirm arbitration award, "Although I was present at the location where the arbitration was taking place for each of the four days of the arbitration, I was not allowed to be present during any actual proceedings except when I testified . . . . The only person allowed to be present that was affiliated with the [appellant] was its then president Daniel Rodela . . . . The [appellant] wanted someone other than Mr. Rodela present during the arbitration." A contrary declaration was submitted in opposition to the petition to vacate the arbitration award by Attorney Leon Kirakosian: "With respect to other parties sitting in at the time of the binding arbitration, again, no such motion was made to allow any other officer to remain in the arbitration by [appellant's] counsel. Mr. Rodela was present throughout the proceedings, both in his capacity as an officer of [appellant] and as an individual [d]efendant."[2]

While the majority finds that there is no requirement that a request be made to have a particular corporate representative attend an arbitration hearing, how is an arbitrator to even know that a particular corporate officer who is also a percipient witness (such as Tefft) even desired to replace the president as the representative of appellant? Thus it can easily be concluded from this factual scenario that Tefft attended the arbitration as a witness; that all witnesses were excluded, in routine fashion, while others testified; and nobody sought to seat Tefft as the representative of appellant given that Rodela was there anyway. Clearly this was an act of the arbitrator's discretion and was by no means an act in excess of an arbitrator's authority. However, even assuming the arbitrator made a specific ruling excluding Tefft from the hearing as the corporate representative, it was at most an error of law—seating the improper corporate representative—and not reviewable under usual rules of arbitration review.

The majority also asserts that the failure to have Tefft as the corporate representative was prejudicial to appellant, depriving it of a fair hearing. Again I disagree. Citing *People ex rel. Curtis v. Peters* (1983) 143 Cal.App.3d 597 [192 Cal.Rptr. 70], the majority suggests that the prejudice that was found when a public entity was not allowed to seat any representative during the court proceeding is somehow the same circumstance as here where Rodela was present even if Tefft was in fact the preferred representative. I suggest *Curtis* is inapposite. Indeed there was no prejudice to appellant as the arbitrator had the opportunity to listen to the testimony of Tefft, which presumably included all that he knew about the circumstances involving the

---

[2] Appellant's evidentiary objections to this portion of Kirakosian's declaration were specifically overruled by the trial court.

lease negotiations and the issues concerning the liquor license which certainly provided a complete counterpoint to Hoso Foods, Inc.'s case. And despite the suggestion of conflict between Rodela and appellant—that Rodela lacked the knowledge or the incentive to effectively represent appellant's interest at the arbitration—there is nothing in the record to establish such difference. One cannot imagine what prejudice results from Tefft's position, available in the lobby rather than seated in the conference room where the arbitration was held while others testified to the facts of this dispute.

In summary, I find insufficient facts in the record to conclude that the arbitrator even excluded Tefft; that Rodela's interest was in any way in conflict with that of appellant; that appellant suffered any prejudice by being represented at arbitration by Rodela; and that the arbitrator acted in excess of his power by excluding witnesses resulting in an unfair arbitration hearing. Therefore I would affirm the trial court's orders confirming the arbitration award and denying the request to vacate the arbitration award.

A petition for a rehearing was denied January 4, 2011. Chavez, J., was of the opinion that the rehearing should be granted. Respondent's petition for review by the Supreme Court was denied March 23, 2011, S189861.