Filed 11/20/15  Valley Hardware v. Souza CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| VALLEY HARDWARE, LLC et al., | D067076 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2011-00071592-CL-PT-EC) |
| JOHN SOUZA et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Solomon Grindle Silverman & Wintringer and Thomas L. Grindle, Holly J. Nolan, for Defendants and Appellants.

Bankhead & Howard and Murray M. Bankhead; Karcher Harmes and Kathryn E. Karcher, for Plaintiffs and Respondents.

John Souza and Carolyn Souza, doing business as Double "S" Enterprises (collectively Souza), appeal from a judgment entered after the superior court confirmed without correction an arbitration award in favor of Valley Hardware, LLC, Jeff Fabian,

Nadine Fabian, and Ralph Peebler (collectively Valley) arising out of disputes under a commercial lease. The arbitrator had awarded Valley $61,157 in compensatory damages and $166,738.17 in attorney fees and costs with interest. Souza contends: (1) the arbitrator showed bias in Valley's favor, disregarded various express provisions of the fully integrated lease, improperly admitted parol evidence, and ignored other evidence in reaching his decision; and (2) attorney fees and costs were not recoverable under the lease, but in any event the fees and costs award is excessive, duplicative, or unsupported by the costs statute. Valley responds that Souza's claims are not cognizable in this appeal under *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1 (*Moncharsh*) and its progeny, and also because, if this court disregards evidence improperly included in the appellate record, the claims are without support. We agree Souza's claims are not subject to judicial review, and thus affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

The Fabians, Peebler and Valley Hardware, LLC are tenants under a commercial lease for premises in Ramona, California. The Fabians and Peebler personally guaranteed the lease. John and Carolyn Souza are the landlords under the lease. Souza owns several commercial properties and has held controlling interests in at least two equipment rental companies; Souza showed significant business acumen during the lease

_____

[1]     We state the facts primarily from the arbitrator's final decision and award; the arbitrator's findings are taken as correct without need to examine the record of the arbitration hearings. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 367, fn. 1 (*Advanced Micro Devices*).)

2

negotiations and presented a sophisticated lease agreement with provisions designed for the landlord's protection.

Disputes arose between the parties partly over the value of and time to complete tenant improvements at the property, which John Souza proposed to do as a licensed general contractor. Valley contended Souza breached the lease and the implied covenant of good faith and fair dealing, committed fraud as to a material issue in the lease, and violated laws applicable to general contractors. Souza contended Valley breached the lease and the guarantees, and committed financial elder abuse. Souza also brought a claim for unlawful detainer.

The lease contains an attorney fees clause that provides in part: "28. ATTORNEYS' FEES: If either party hereto shall file any action or bring any proceeding against the other party arising out of this Lease or for the declaration of any rights hereunder, the prevailing party therein shall be entitled to recover from the other party, all costs and expenses, including reasonable attorney's fees incurred by the prevailing party as determined by the court. . . . SEE ADDENDUM #3 FOR ARBITRATION." (Some emphasis omitted.) The lease's arbitration provision, which appears in addendum No. 3 to the lease, states: "Notwithstanding anything set forth in this Lease, in the event of legal disputes relating to this Lease, Tenant and Landlord agree to resolve said legal dispute by binding arbitration. Arbitrator shall be mutually approved by both parties and costs to be born equally by both parties."

The parties submitted their disputes to binding judicial arbitration, and in June 2014, the arbitrator issued his final arbitration award. The arbitrator found Souza

3

allocated costs to the tenant improvements for work not performed and equipment not used in their construction, and he included charges that were either totally inappropriate or never a part of the agreement with Valley. He found Valley suffered $61,157 in damages through the payment of shared tenant improvement costs and lost earnings. The arbitrator also found Valley to be the prevailing party and entitled to $166,738.17 in attorney fees and costs under paragraph No. 28 of the lease.

Valley petitioned to confirm the arbitration award and sought other relief to collect on the judgment. Souza responded, and sought to vacate and/or correct the award on grounds the arbitrator exceeded his authority by making an award contrary to express terms of the lease and by awarding excessive attorney fees in disregard of addendum No. 3 to the lease, as well as unauthorized costs. The superior court confirmed the award in its entirety and entered judgment in favor of Valley for $227,895.17 plus interest, as well as an additional $2,218.75 for the fees expended on the petition to confirm the award. Souza appeals.

## DISCUSSION

I. *Judicial Review of Arbitration Awards and Standard of Appellate Review*

It is well settled that the scope of judicial review of private, binding arbitration awards is extremely narrow. (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775; *Advanced Micro Devices*, *supra*, 9 Cal.4th at pp. 372-373; *Moncharsh*, *supra*, 3 Cal.4th at p. 11.) Review of a private, binding arbitration award is generally confined to the statutory

4

grounds set forth in Code of Civil Procedure[2] sections 1286.2 and 1286.6.  (*Moshonov v. Walsh*, at p. 775.)  Under section 1286.2, subdivision (d), the court "shall" vacate the award if it determines "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."  Under this statute, "courts are authorized to vacate an award if it was (1) procured by corruption, fraud, or undue means; (2) issued by corrupt arbitrators; (3) affected by prejudicial misconduct on the part of the arbitrators; or (4) in excess of the arbitrators' powers."  (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1344.)  Section 1286.6, subdivision (b) requires the court to correct the award if it determines "[t]he arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted . . . ."  In determining whether the arbitrators exceeded their powers, courts must give "substantial deference to the arbitrators' own assessment of their contractual authority . . . ."  (*Advanced Micro Devices*, 9 Cal.4th at p. 373.)

Under these principles, we may not review the merits of the controversy arbitrated, the validity of the arbitrator's reasoning or the sufficiency of the evidence supporting the arbitration award.  (*Moncharsh*, *supra*, 3 Cal.4th at p. 11; *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 21, fn. 1, 23; *Creative Plastering, Inc. v. Hedley Builders, Inc.* (1993) 19 Cal.App.4th 1662, 1665.)  We may not vacate or correct an award because of an arbitrator's legal or factual error, even if those errors appear on the face of the award and

---

[2]    Statutory references are to the Code of Civil Procedure.

5

cause substantial injustice to the parties. (*Moshonov v. Walsh*, *supra*, 22 Cal.4th at p. 775; *Moncharsh*, at pp. 6, 25-28; *Pierotti v. Torian*, at p. 23.) These rules confirm the parties' intentions that the award be final. (*Moncharsh*, at p. 9; *California Faculty Assn. v. Superior Court* (1998) 63 Cal.App.4th 935, 944.)

Guided by these standards, we narrowly and deferentially review the arbitrator's award. (*Advanced Micro Devices*, *supra*, 9 Cal.4th at p. 376.) We review de novo the propriety of the superior court's judgment confirming the final arbitration award. (*Id.* at p. 376, fn. 9.) That is, we review independently of the trial court the question whether the arbitrator exceeded the authority granted him by the parties' agreement to arbitrate. (*California Faculty Assn. v. Superior Court*, *supra*, 63 Cal.App.4th at p. 945.)

II. *Souza's Challenges to the Arbitrator's Damages Award Are Not Reviewable*

Without heeding these settled highly deferential standards,[3] Souza challenges the arbitration award based on claims of arbitrator bias as well as the arbitrator's disregard of various provisions of the lease in reaching the compensatory damage awards, the arbitrator's erroneous introduction of parol evidence, and the fact the arbitrator assertedly ignored evidence that Valley had defaulted on its rental payments. Souza at various points asserts that the award is unsupported by "relevant evidence" or that there was no evidence of required conditions for Valley's reimbursement of certain costs. Souza reargues the factual merits of the case by asserting, among other things, that most of the

---

[3]    Souza instead asks us to apply standards of review generally applicable to appeals of judgments from a court or jury trial, not an appeal stemming from a judgment confirming a private arbitration award.

tenant improvements were completed, Valley insisted on several expenses, Valley never paid moneys owed to Souza, and Valley owes *Souza* money for the completed improvements. Souza concludes the opening brief by announcing: "The Arbitrator simply got this case wrong."

As Valley correctly points out, all of these arguments are attacks on the arbitrator's legal and factual reasoning, or the sufficiency of the evidence, which is expressly disallowed in this context. The California Supreme Court explained in *Moncharsh*: " '[A]rbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action.' " (*Moncharsh*, *supra*, 3 Cal.4th at pp. 10-11.) The *Moncharsh* court stated, "[B]oth because it vindicates the intentions of the parties that the award be final, and because an arbitrator is not ordinarily constrained to decide according to the rule of law, it is the general rule that, 'The merits of the controversy between the parties are not subject to judicial review.' [Citations.] More specifically, courts will not review the validity of the arbitrator's reasoning. [Citations.] Further, a court may not review the sufficiency of the evidence supporting an arbitrator's award." (*Id.* at p. 11.) In short, as a general rule, "an arbitrator's decision cannot be reviewed for errors of fact or law." (*Ibid.*)

Such judicial deference extends to the arbitrator's choice of contractual remedies, which is more to the point of Souza's challenge. (*Advanced Micro Devices*, *supra*, 9 Cal.4th at p. 376.) "[A]rbitrators, unless expressly restricted by the agreement or the

7

submission to arbitration, have substantial discretion to determine the scope of their contractual authority to fashion remedies, and . . . judicial review of their awards must be correspondingly narrow and deferential." (*Ibid*.)  At issue in *Advanced Micro Devices* was whether an arbitrator exceeded his power "in awarding a particular item of damages or other relief" under a contract.  (*Id.* at p. 377, fn. omitted.)  The court fashioned the following "properly deferential framework for reviewing an arbitrator's choice of remedies[:]  Arbitrators are not obliged to read contracts literally, and an award may not be vacated merely because the court is unable to find the relief granted was authorized by a specific term of the contract.  [Citation.]  The remedy awarded, however, must bear some rational relationship to the contract and the breach.  The required link may be to the contractual terms as actually interpreted by the arbitrator (if the arbitrator has made that interpretation known), to an interpretation implied in the award itself, or to a plausible theory of the contract's general subject matter, framework or intent.  [Citation.]  The award must be related in a rational manner to the breach (as expressly or impliedly found by the arbitrator).  Where the damage is difficult to determine or measure, the arbitrator enjoys correspondingly broader discretion to fashion a remedy.  [Citation.]  [¶]  The award will be upheld so long as it was even arguably based on the contract; it may be vacated only if the reviewing court is *compelled* to infer the award was based on an extrinsic source.  [Citations.]  In close cases, the arbitrator's decision must stand."  (*Id.* at p. 381, fn. omitted; see also *San Francisco Housing Authority v. SEIU Local 790* (2010) 182 Cal.App.4th 933, 944 [" '[T]he fact that an arbitrator arguably misinterpreted a contract does not mean that he did not engage in the act of interpreting it.  As bears

repeating, 'so far as the arbitrator's decision *concerns* construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his' "].)  According to *Advanced Micro Devices*, an arbitration award "is rationally related to the breach if it is aimed at compensating for, or alleviating the effects of, the breach."  (*Id*. at p. 381, fn. 12.)[4]

Surprisingly, Souza in reply asserts that *Moncharsh* is "entirely distinguishable" and "has no bearing" on this appeal.  Souza attempts to draw a distinction between appealing from a *judgment* under section 1294, subdivision (d) as Souza did, and seeking review of an arbitration award under sections 1286.2 and 1286.6.  Citing *Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, Souza maintains that because Valley "chose to have a Judgment entered," that action rendered the judgment reviewable on appeal.  *Ashburn v. AIG Financial Advisors, Inc.*, *supra*, 234 Cal.App.4th 79 stands for the unremarkable and inapposite proposition that an order granting a *petition to compel arbitration* is not appealable but is reviewable on appeal from a subsequent judgment on the award.  (*Id*. at p. 94; see also *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216, fn. 3.)  The appellants in *Ashburn* did not challenge the arbitrator's award; they

---

4      The court in *Advanced Micro Devices* addressed the contention, similar to Souza's, that " '[a]rbitrators may not award a remedy that conflicts with express terms of the arbitrated contract.' "  (*Advanced Micro Devices*, *supra*, 9 Cal.4th at p. 381.)  It observed:  "To the extent this means arbitrators may not award remedies expressly forbidden by *the arbitration agreement or submission*, the point is well taken.  How the violation of an ' "express and explicit restriction on the arbitrator's power" ' [citation] could be considered rationally related to a plausible interpretation of the agreement is difficult to see."  (*Advanced Micro Devices*, at pp. 381-382, emphasis added; see also *Moshonov v. Walsh*, *supra*, 22 Cal.4th at pp. 777-778.)

successfully contended that the superior court erred in ordering their claims to arbitration in the first place without holding an evidentiary hearing as to whether there was an enforceable agreement to arbitrate. (*Ashburn*, 234 Cal.App.4th at pp. 83, 94-95, 100.)

Souza also argues that the asserted distinction between Souza's appeal and the principles expressed in *Moncharsh* is discussed at length in *Mid-Wilshire Assoc. v. O'Leary* (1992) 7 Cal.App.4th 1450, where the court explained that an aggrieved party "may appeal from an order dismissing a petition to confirm, correct or vacate an award" but "[n]o appeal . . . will lie from an order denying vacation or correction of an arbitration award. [Citation.] Such an order may be reviewed upon an appeal from the judgment of confirmation." (*Id*. at p. 1453.)[5] Souza argues: "Because Appellants are not appealing the Order denying the motion to vacate the Award, but rather appealing the Judgment, which confirmed the Award, Appellants' appeal is proper and this Court *does have jurisdiction*."

There is no question that the superior court's judgment confirming the arbitration award is an appealable judgment under section 1294, and that this court has jurisdiction to review it. (§ 1294, subd. (d) ["An aggrieved party may appeal from: [¶] . . . [¶] (d) A judgment entered pursuant to [Title 9, Arbitration]"].) The point missed by Souza is

_____

5    In *Mid-Wilshire Associates v. O'Leary*, *supra*, 7 Cal.App.4th 1450, because there was no judgment confirming the award, the court dismissed the appeal in that case from orders compelling arbitration and denying a motion to vacate or correct an arbitration award. (*Id*. at p. 1454.) The court concluded it was without power to bestow jurisdiction on itself, and also declined to assume jurisdiction by treating the appeal as a petition for writ of mandate. (*Id*. at p. 1455.)

10

that our *scope of review* of that judgment is strictly limited in the manner described by *Moncharsh* and its progeny. Souza's arguments fail that standard.[6]

We observe that for the first time on reply, inconsistent with Souza's arguments distinguishing *Moncharsh*, Souza acknowledges that this court cannot review the merits of the dispute or the arbitrator's reasoning. Souza argues that because the lease was submitted to the trial court, we may review it to decide whether the arbitration award "bear[s] some rational relationship to the contract and the alleged breach of contract." Though this assertion is correct, we decline to consider it because Souza has not demonstrated good cause for raising it for the first time in reply. (*Animal Protection and Rescue League v. City of San Diego* (2015) 237 Cal.App.4th 99, 109, fn. 9.) " 'Obvious considerations of fairness in argument demand that the appellant present all of his points

---

6     Souza does not point to any express contractual restrictions on the arbitrator's grant of authority, and the broad arbitration clause reveals none. (See *Ajida Technologies, Inc. v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534, 543 [in determining whether the arbitrators exceeded the scope of their powers, court looks first to the parties' agreement to see whether it placed any limitations on the arbitrators' authority]; compare, *California Faculty Assn. v. Superior Court*, *supra*, 63 Cal.App.4th at pp. 946, 953 [agreement reflected that the arbitrator was not empowered to decide or redecide whether a particular candidate was worthy of tenure or promotion].) Souza does not, and cannot, argue the arbitrator granted remedies expressly forbidden by the arbitration agreement as there are no such prohibitions. (Compare *O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1061 [agreement specified the arbitrator " 'shall not have any power . . . to grant any remedy which is either prohibited by the terms of this Agreement, or not available in a court of law' "].) Souza does not claim the entire contract is illegal or the arbitration provision is illegal. (*Moncharsh*, *supra*, 3 Cal.4th at p. 31; *Adout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 33.) The arbitration clause in his case does not expressly deprive the arbitrator of the power to commit legal error. (Compare *Cable Connection, Inc. v. DIRECTV, Inc.*, *supra*, 44 Cal.4th at pp. 1341, fn. 3, 1361.)

11

in the opening brief. To withhold a point until the closing brief would deprive the respondent of his opportunity to answer it or require the effort and delay of an additional brief by permission. Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' " (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.) And in any event, Souza's only argument on this point is to say that the judgment is inconsistent with express terms of the lease as argued in his opening brief; Souza does not explain why the award bears no *rational relationship* to the contract or his breach. Indeed, Souza denied any damages liability in the opening brief.

III. *The Same Limited Review Applies to the Arbitrator's Attorney Fees and Costs Award*

Souza contends that if we do not vacate the arbitration award in its entirety, then we must vacate or correct the attorney fee award. Specifically Souza argues: (1) addendum No. 3 to the lease calls for attorney fees and costs to be borne equally by the parties; (2) the attorney fee award is excessive and reflects duplication of effort, such that it must be reduced by $47,670.02; and (3) the costs for expert fees and mediation or arbitration fees in the amount of $48,449.50 are not recoverable under section 1033.5. For these reasons, Souza maintains the arbitrator abused its discretion in awarding the fees and costs. In Souza's reply brief, Souza does not clarify these arguments as to the attorney fees and costs award; indeed Souza does not address this aspect of the award other than to say Souza may properly appeal from, and this court may properly review, the judgment.

12

Souza's arguments suffer from the same flaws as those with respect to the merits of the lease dispute. Where an arbitration agreement does "not limit the issues to be resolved through arbitration, the issue of [a party's] entitlement to attorney fees and costs, [is] subject to determination in arbitration proceedings." (*Corona v. Amherst Partners* (2003) 107 Cal.App.4th 701, 705, citing *Moshonov v. Walsh*, *supra*, 22 Cal.4th at p. 775.)

Here, the lease, which broadly submitted all "legal disputes relating to this Lease" to binding arbitration, contained two attorney fee clauses. Though the lease inconsistently specified in addendum No. 3 that the parties were to bear costs equally, it provided in paragraph No. 28 that the prevailing party in any "proceeding . . . arising out of this Lease or for the declaration of any rights hereunder" would be entitled to recover reasonable attorney fees and costs. Those inconsistent provisions certainly provided no clear guidance to the arbitrator. But that circumstance does not render the award beyond the arbitrator's powers or entitle us to question the arbitrator's interpretation of them. The arbitrator construed the provisions and decided that "[t]he reasonable interpretation of the provision of Addendum [No.] 3 is that it relates only to the initial payment of arbitration costs and lacks the specificity to constitute a prohibition of an award of fees and costs to a prevailing party." The arbitrator found addendum No. 3's language was "broad and ambiguous and cannot prevail over the clear and specific language of Paragraph [No.] 28." He based his award of attorney fees and costs on the finding that Valley was the prevailing party entitled to attorney fees and costs under paragraph No. 28 of the lease.

"[W]here an arbitrator's denial of fees to a prevailing party rests on the arbitrator's interpretation of a contractual provision within the scope of the issues submitted for

13

binding arbitration, the arbitrator has not 'exceeded [his or her] powers' [citations] as we have understood that narrow limitation on arbitral finality." (*Moshonov v. Walsh*, *supra*, 22 Cal.4th at p. 773.) Conversely, when entitlement to attorney fees and costs is one of the contested issues of law and fact submitted to the arbitrator for decision (*Moncharsh*, *supra*, 3 Cal.4th at p. 28), an arbitrator's finding that a party is entitled to attorney fees does not constitute action in excess of the arbitrator's powers, even if the arbitrator made a factual or legal error. (*Id.* at pp. 12, 28; *Taylor v. Van-Catlin Const.* (2005) 130 Cal.App.4th 1061, 1067-1068 [reversing trial court's order granting correction of an arbitration award to delete the award of attorney fees; "If the arbitrator did indeed overlook or misread [case law]—and even if he incorrectly interpreted or applied [a statute]—it would have amounted to an error of law, not an act exceeding his powers. The award was therefore not subject to judicial review"]; see also *Harris v. Sandro* (2002) 96 Cal.App.4th 1310, 1314-1315; *Pierotti v. Torian*, *supra*, 81 Cal.App.4th at pp. 25-26.) This is true as to the arbitrator's determination of the prevailing party, which is a mixed question of law and fact that we have no power to second guess. (*Pierotti v. Torian*, at p. 26.)

Furthermore, unless arbitrators are specifically required to act in conformity with rules of law, they " 'may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action.' " (*Moncharsh*, *supra*, 3 Cal.4th at pp. 10-11.) Arbitrators " 'are not bound to award on principles of dry law, but may decide on

14

principles of equity and good conscience, and make their award *ex aequo et bono*

[according to what is just and good].' " (*Id*. at p. 11.)

The superior court thus properly confirmed the arbitration award. Given our conclusion, we need not reach Valley's waiver arguments, including its claim that Souza has relied on documents not before the trial court and improperly designated in the appellate record.

DISPOSITION

The judgment is affirmed.  Valley Hardware, LLC, Jeff Fabian, Nadine Fabian, and Ralph Peebler shall recover their costs on appeal.


O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


McINTYRE, J.